600 A.2d 1079 (1991)
Edward L. WASHINGTON a/k/a Elwood L. Washington, Appellant,
v.
UNITED STATES, Appellee.
No. 91-7.
District of Columbia Court of Appeals.
Submitted December 11, 1991.
Decided December 26, 1991.
*1080 J. Bradley Ortins, appointed by this court, was on the brief for appellant.
Jay B. Stephens, U.S. Atty., with whom John R. Fisher, Norman C. Bay, and DeMaurice F. Smith, Asst. U.S. Attys., were on the brief for appellee.
Before ROGERS, Chief Judge, FARRELL, Associate Judge, and KERN, Senior Judge.
PER CURIAM:
Appellant was convicted of distribution of cocaine, D.C.Code § 33-541(a)(1) (1988), possession with intent to distribute cocaine, id. § 33-541(a)(1), and possession of drug paraphernalia, id. § 33-603(a). On appeal, appellant contends that the trial judge erred by admitting into evidence (1) appellant's arrest photograph, which had not been provided to defense counsel before trial, and (2) two DEA-7 chemist's reports which had not been provided to defense counsel before trial, and which the applicable statute requires be provided at least five days before trial. We affirm.

I
Appellant was arrested in a "buy and bust" operation in which an undercover police officer purchased narcotics from appellant, then returned to his car and broadcast a description of the seller to an arrest team. The arrest team stopped appellant, and the undercover officer then drove by and identified appellant as the seller. At the time appellant was arrested, the police took a photograph of him; the government's evidence at trial showed that the photograph matched the description which had been broadcast.
Appellant maintains that the admission into evidence of the arrest photograph was prejudicial error because his trial counsel had not been afforded pre-trial discovery of the photograph pursuant to Super.Ct.Crim.R. 16(a)(1)(C). At trial, appellant's counsel objected to the introduction of the photograph and referred the court to her Rosser[1] letter, which requested, in part, that the government provide all photographs relating to the case. In response, the government produced its discovery worksheet, which showed that appellant's defense counsel had been given an opportunity to inspect the photograph. The trial judge questioned defense counsel about any possible prejudice which would result from the introduction of the photograph, noted that appellant himself "knew that he had the photograph taken," and overruled the objection.
A defendant bears the burden of showing that a request for discoverable evidence under Rule 16 was made. Such a request can be evidenced by a letter to the prosecutor. Rosser v. United States, supra note *1081 1, 381 A.2d at 609. After such a request is made, the government must disclose all discoverable evidence promptly. Id. at 605; Smith v. United States, 491 A.2d 1144, 1148 n. 7 (D.C.1985). Under Rule 16(d)(2), in considering whether to impose sanctions, the court may consider (1) the reason for non-disclosure, (2) the impact of non-disclosure, and (3) the impact of a sanction on the administration of justice. Wiggins v. United States, 521 A.2d 1146, 1148 (D.C. 1987). "In reviewing a trial judge's exercise of discretion, an appellate court must defer to the judge's choice if it was within the range of permissible alternatives, taking `cognizance of the nature of the determination being made and the context within which it was rendered.'" Id. (quoting Johnson v. United States, 398 A.2d 354, 366 (D.C.1979)). Reversal is warranted only where there is error which has substantially prejudiced appellant's rights. (Larry) Lee v. United States, 454 A.2d 770, 776 (D.C.1982).
Appellant contends for the first time on appeal that he was substantially prejudiced by the introduction of the arrest photograph, which apparently showed that appellant had a moustache at the time of his arrest, "because the defense had no opportunity to view it beforehand," and thus that counsel was unable effectively to cross-examine the undercover police officer as to his omission of the moustache in his description of appellant. This argument is meritless, since appellant obviously had first-hand knowledge of his appearance at the time of his arrest. Furthermore, appellant failed to present this argument in the trial court, even when the trial judge expressly asked "[w]hat's the prejudice?" and noted that appellant himself was aware that the photo had been taken. Because appellant failed to show any prejudice, the trial judge did not abuse his discretion by failing to impose sanctions for non-disclosure on the government. See Carr v. United States, 585 A.2d 158, 163 (D.C. 1991); Hordge v. United States, 545 A.2d 1249, 1260 n. 8 (D.C.1988).

II
Appellant also contends that the trial judge erred by admitting into evidence two DEA-7 chemist's reports. Defense counsel objected to the government's use of the reports on the grounds that she was not served with the report in compliance with D.C.Code § 33-556 despite her Rosser letter requesting such discovery. D.C.Code § 33-556 requires that the chemist's report be provided to the defense at least five days before trial, in order "to give sufficient notice to the defendant to decide whether to call the chemist for cross-examination...." Giles v. District of Columbia, 548 A.2d 48, 50-51 (D.C. 1988). This court has recently reiterated, however, that "failure to comply with this requirement does not compel exclusion of the report if it is otherwise admissible, nor is such a failure per se reversible error. Only when the breach of the five day requirement results in prejudice to the defense is a new trial required." (Keith) Johnson v. United States, 596 A.2d 511 (D.C.1991);[2]see Belton v. United States, 580 A.2d 1289, 1292-93 (D.C.1990). Under Belton, prejudice may be established by a prompt objection by counsel upon receiving the DEA-7 at trial, and a request for time to review it in order to determine whether to challenge it. (Keith) Johnson v. United States, supra, 596 A.2d at 514. Here, although defense counsel did object to the introduction of the chemist's reports, she did not request more time in which to decide whether to call the chemist for cross-examination. The trial judge, of his own accord, recessed the trial for the day after the government's direct examination of the police detective, who testified about the *1082 significance of the DEA-7 reports, and thus gave appellant's counsel overnight to examine the reports and to decide how best to use them. When the trial resumed the next day, defense counsel made no further objection to the introduction of the reports; nor did she request a further recess or indicate that she was unprepared to proceed. Because appellant "never asserted to the trial court that the chemical analysis described in the report was inaccurate," nor "indicated that he wished to call the chemist for cross-examination," nor "sought a recess or continuance ... [w]e therefore have no reason to question the trial court's ... finding that appellant suffered no prejudice as a result of the government's failure to furnish him with a copy of the chemist's report five days before trial." Belton v. United States, supra, 580 A.2d at 1294 (citations omitted).
Affirmed.
NOTES
[1] Rosser v. United States, 381 A.2d 598 (D.C. 1977).
[2] We note that in Johnson, supra, and in the instant case, the chemist's report was sent by the government to the attorney who was no longer counsel of record at the time that the report was forwarded. While predecessor and successor counsel have an obligation, respectively, to forward and to inquire about case files, appellant's counsel's here cannot be faulted; her Rosser letter put the government on notice that she was appellant's counsel. In any event, it is to be hoped that the errors in forwarding chemists' reports to defense counsel in these two cases will be averted in the future.