James W. LAWRENCE, Appellant,

v.

UNITED STATES, Appellee.

No. 91–139.

District of Columbia Court of Appeals.

Argued Dec. 19, 1991.

Decided Feb. 21, 1992.

Joseph Virgilio, appointed by this court, for appellant.

Linda Otani McKinney, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Elizabeth Trosman,

Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, and TERRY and FARRELL, Associate Judges.

ROGERS, Chief Judge:

Appellant James Lawrence appeals his conviction by a jury of possession with intent to distribute cocaine, D.C. Code § 33–541(a)(1) (1988 Repl.), contending that the trial judge erred by instructing the jury that appellant was charged with two counts from different indictments. In view of the proffers before the trial judge and in the absence of any facial inconsistency between the indictments or a request under Super.Ct.Crim.R. 6(e), we find no abuse of discretion by the trial judge in consolidating the indictments. Appellant's other contentions, that there was insufficient evidence to support his conviction and that he was denied effective assistance of counsel, are meritless. Accordingly, we affirm.

I

At the beginning of the trial, the prosecutor asked the trial judge to clarify the charges that were pending against appellant. The request arose as the result of the existence of two indictments. On October 25, 1989, the grand jury had returned an indictment charging that:

B   On or about October 13, 1989, within the District of Columbia, *James W. Lawrence and a person whose identity is unknown* to the Grand Jury did unlawfully, knowingly, and intentionally distribute a quantity of cocaine, a Schedule II controlled substance. (Unlawful Distribution of a Controlled Substance in violation of 33 D.C.Code, Section 541(a)(1))

C   On or about October 13, 1989, within the District of Columbia, *James W. Lawrence* did unlawfully, knowingly, and intentionally possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance. (Unlawful Possession with Intent to Distribute a Controlled Substance, in violation of 33 D.C.Code, Section 541(a)(1)). [Emphasis added].

The same grand jury returned a second indictment on January 3, 1990, after the police had arrested Maurice Krider for the sale of drugs on October 13, 1989. The second indictment charged:

D   On or about October 13, 1989, within the District of Columbia, *James W. Lawrence and Maurice L. Krider* ["Shorty"] did unlawfully, knowingly, and intentionally distribute a quantity of cocaine, a Schedule II controlled substance. (Unlawful Distribution of a Controlled Substance, in violation of 33 D.C.Code, Section 541(a)(1))

[E]   On or about October 13, 1989, within the District of Columbia, *Maurice L. Krider* ["Shorty"] did unlawfully, knowingly, and intentionally possess with intent to distribute a quantity of cocaine, a Schedule II controlled substance. (Unlawful Possession with Intent to Distribute a Controlled Substance, in violation of 33 D.C.Code, Section 541(a)(1)). [Emphasis added].

The prosecutor advised the trial judge that it was his belief that the second indictment was not a superseding indictment and that the second count (Count C) of the October indictment was still outstanding against appellant. The judge noted that there was nothing to indicate that the first indictment had been dismissed. Defense counsel objected on the ground that the second indictment was a superseding indictment, noting that the second count (Count C) of the first indictment charged appellant with possession with intent to distribute while the second indictment charged only Mr. Krider with a count of possession with intent to distribute ("Count E"). Defense counsel stated that it was his belief, in preparing the case, that appellant was charged with a single count (Count D) of distribution "through the indictment filed in January." Counsel noted further that "there was never any allegation in discovery or in anything else that [appellant] was in fact charged with two counts of distribution," and that he was of the view that the government could not simply dismiss one of the distribution counts. The

prosecutor responded that in discovery defense counsel "must have known [that] the police took five additional bags of cocaine off [appellant] when he was arrested," and defense counsel confirmed that he had known about the five additional bags.

The trial judge ruled that both the possession with intent to distribute count from the October 1989 indictment (Count C) and the unlawful distribution count from the January 1990 indictment (Count D) could be presented to the jury. The judge stated that:

[I]t appears to me that the effect of the January indictment in Count [D] was simply to identify Mr. Crider [sic] as [appellant's] co-defendant and in that sense, the first count [Count D] did replace Count [B] of the October indictment. * * * [T]he second count of the January indictment ["Count E"] appears to me ... merely to supplement the second count [Count C] of the October indictment by indicting Mr. Crider [sic] with possession with intent to distribute whereas in October, only [appellant] had been indicted with that charge.

The judge noted that defense counsel was on notice from the government's evidence and, therefore, it was difficult to see any prejudice to the defense in not realizing until the day of trial that the two indictments were still pending against appellant.[1]

On appeal appellant contends that the trial judge erred by instructing the jury and permitting the government to proceed against him on charges of distribution (Count D) and also of possession with intent to distribute cocaine (Count C) since the charges were based on two separate indictments. He maintains that the government was required to select one indictment for the incident under which it intended to proceed before the jury was sworn.

■ Super.Ct.Crim.R. 13 allows the trial judge to "order two or more indictments ... to be tried together if the offenses ... could have been joined in a single indictment." The trial judge's decision to consolidate indictments will not be reversed absent an abuse of discretion. *Grant v. United States*, 402 A.2d 405, 407 (D.C. 1979) (affirming trial court's decision to consolidate, at trial, counts from two different indictments against same defendant). To demonstrate abuse, appellant must "make a strong showing of prejudice— more than a showing that separate trials would provide a better chance for acquittal." *Id.* (citing *United States v. Ritch*, 583 F.2d 1179, 1181 (1st Cir.), *cert. denied*, 439 U.S. 970, 99 S.Ct. 463, 58 L.Ed.2d 430 (1978)). With respect to prejudice, the court has observed that counts should be severed where:

(1) the jury may cumulate evidence of the separate crimes ... (2) the jury may improperly infer a criminal disposition and take the inference as evidence of guilt, or where (3) the defendant may become embarrassed or confounded in presenting different defenses to different charges. However, where ... evidence of each joined offense would be admissible in a separate trial for the other, the first two dangers are largely absent.

*Id.* 402 A.2d at 407–08 (quoting *Coleman v. United States*, 298 A.2d 40, 42 (D.C.1972)) (internal citation omitted).

■ In the instant case, the evidence of the separate crimes of distribution of cocaine and possession with intent to distribute cocaine would each "be admissible in a separate trial for the other."[2] *Id.* Evi-

---

1. Immediately after ruling, the judge, in preparing for the voir dire, confirmed through a proffer from the prosecutor that the events of October 13, 1989, in the two indictments had occurred at the same time and place, and that the government's evidence described the roles of appellant and Krider in the same transaction with the undercover police officer. The judge allowed the government to dismiss Count B of the October 1989 indictment.

2. The government's evidence showed that while working undercover, Officer Rene Dessin met appellant on the street near 11th and Lamont Streets, N.W., and appellant asked him "are you looking." Officer Dessin replied, "yeah for a twenty." Appellant led Dessin down 11th Street, where appellant talked briefly with a man named "Shorty." Thereafter, Shorty retrieved a brown bag from a white Mazda RX7 across the street and sold Officer Dessin, and an

dence tending to show that appellant participated in the sale of drugs to an undercover police officer would be admissible to prove that appellant intended to distribute the drugs found in his possession a short time thereafter. Similarly, evidence tending to show that appellant possessed drugs with the intent of distributing them would be admissible against appellant in a trial for distribution of controlled substances. Thus, consolidating the counts from different indictments presents no danger to appellant that the jury will impermissibly "cumulate evidence" or "infer a criminal disposition." *Id.*

Also, there is no evidence that appellant would "become embarrassed or confounded in presenting different defenses to [the] different charges." *Id.* Appellant was notified of both charges and had an opportunity to prepare his defense. At trial, appellant's defense against the distribution of cocaine count was that he did not participate in any sale of cocaine to Officer Dessin. See note 2, *supra.* His defense against the charge of possession with intent to distribute was that he had no intention of selling the cocaine in his possession. *Id.* These defenses did not force appellant to make contradictory claims or otherwise cause him to become "embarrassed or confounded." *Grant, supra,* 402 A.2d at 407–08.

Appellant's primary argument, however, appears to be that by permitting him to be tried on both indictments, the jury violated his Sixth Amendment right to grand jury indictment, since the second indictment may have reflected the grand jury's decision to exonerate him of the charge of possession with intent to distribute. But this is not a case in which the indictments are facially inconsistent or contradictory; they provide no reason on their face for the trial judge to find that the second indictment was meant to supersede the first indictment. *See (George) Washington v. United States,* 366 A.2d 457, 460 (D.C. 1976) (a facially valid indictment is sufficient for a "trial of the charges on the merits"); *United States v. (Gregory) Washington,* 328 A.2d 98, 103 (D.C.1974) (trial court may "go behind an indictment ... only in rare instances consistent with [the] recognized independence of the grand jury"). Furthermore, defense counsel did not move under Super.Ct.Crim.R. 6(e) for disclosure of the grand jury proceedings in an effort to establish a basis for concluding that the grand jury might have changed its mind about his culpability.[3] The cases on which appellant relies are inapposite.[4]

Accordingly, we hold that the trial judge did not abuse his discretion by consolidating Count C (distribution of cocaine) and

unknown woman, crack cocaine. Dessin also testified that appellant approached him after the sale to ask if "he could get a piece." Assuming that appellant meant a piece of cocaine, Officer Dessin replied "no," but gave him a pre-recorded five dollar bill as a "scavenger fee[ ]."

Officer Dessin positively identified appellant after he was arrested by the arrest team, and the arrest team discovered five plastic bags of crack cocaine in appellant's pocket.

Appellant testified that he had never mèt Officer Dessin. Instead, he claimed that another undercover officer had approached him three separate times on October 13, 1989, to ask him where he could find drugs. On each occasion, appellant had said he did not know. However, he eventually agreed to purchase drugs with the undercover officer for his own personal use.

3. Super.Ct.Crim.R. 6(e)(1) requires that all grand jury proceedings, "except when the grand jury is deliberating or voting," be recorded stenographically or by an electronic recording device. The rule provides for disclosure upon order of the court. Rule 6(e)(3)(C).

4. For example, *United States v. Cerilli,* 558 F.2d 697 (3d Cir.1977) (per curiam) (motion to dismiss second indictment on double jeopardy grounds), on which appellant relies, did not involve the consolidation of indictments, but rather a choice among indictments. Appellant makes no double jeopardy claim. Similarly, appellant's reliance on *United States v. Stricklin,* 591 F.2d 1112 (5th Cir.1979), and like decisions, is misplaced. *Stricklin, supra,* addressed the double jeopardy issues that arise where there are two outstanding indictments for the same offense. 591 F.2d at 1115 n. 1. By contrast, the instant case involves two separate offenses; distribution of cocaine and possession with intent to distribute cocaine. *See also United States v. Long,* 900 F.2d 1270, 1275 n. 4 (8th Cir.1990) ("[a] superseding indictment is an indictment filed without the dismissal of a preceding indictment") (citing *United States v. Rojas–Contreras,* 474 U.S. 231, 237, 106 S.Ct. 555, 558–59, 88 L.Ed.2d 537 (1985) (Blackmun, J., concurring)).

Count D (possession with intent to distribute cocaine) from two different indictments, and instructing the jury accordingly that appellant was charged with the offenses in both counts.

## II

■ Appellant's contention that there was insufficient evidence to support his conviction of possession with intent to distribute cocaine is meritless. Appellant only contends that there was insufficient evidence to establish his specific intent to distribute.[5] In addition to expert testimony regarding the significance of the individual packaging of five separate packets in appellant's possession, *see Chambers v. United States*, 564 A.2d 26, 31 (D.C.1986) (citing *Shorter v. United States*, 506 A.2d 1133, 1135 (D.C.1986); *Turner v. United States*, 396 U.S. 398, 420, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970)), the government presented other evidence of an intent to distribute, including Officer Dessin's testimony that appellant asked him "are you looking," escorted him to a man named Shorty when the officer indicated he wished to purchase cocaine, and returned apparently to ask Officer Dessin for some of his cocaine as a scavenger fee. The jury also could reasonably infer that appellant did not directly sell cocaine to Officer Dessin because he went to get more drugs for sale from a central "holder," which would explain why appellant left the scene while Officer Dessin purchased cocaine from Shorty. Although the evidence of appellant's participation in the cocaine sale to Officer Dessin was insufficient to convict him of cocaine distribution, the jury could properly consider that evidence, in conjunction with the evidence concerning the manner in which the cocaine was separately packaged, to conclude that appellant intended to distribute the cocaine he possessed. *Cf. Bourjai-*

*ly v. United States*, 483 U.S. 171, 179–80, 107 S.Ct. 2775, 2781, 97 L.Ed.2d 144 (1987) ("[I]ndividual pieces of evidence, insufficient in themselves to prove a point, may in cumulation prove it. The sum of an evidentiary presentation may well be greater than its constituent parts.").

## III

Finally, appellant's contention that he is entitled to a new trial because his Sixth Amendment right to effective assistance of counsel was violated, is meritless.[6] *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) (two-prong test).

■ Appellant has failed to specify how Officer Dessin's testimony conflicted with the PD 163 police report beyond generally stating that the PD 163 omitted "conversations [among] the officer, the female and the appellant." Appellant contends that conducting a cross-examination of Officer Dessin with respect to such inconsistencies and omissions would have undermined his credibility to such an extent that a different verdict would have resulted. Since appellant is vague about the omissions and inconsistencies, we are unable to conclude that appellant has demonstrated that trial counsel's decision not to cross-examine Officer Dessin with respect to the PD 163 constituted ineffective assistance. *Curry v. United States*, 498 A.2d 534, 540 (D.C. 1985) (citing *Strickland v. Washington, supra*, 466 U.S. at 687, 104 S.Ct. at 2064); *United States v. Frost*, 502 A.2d 462, 463 (D.C.1985).

Defense counsel's failure to question Officer Dessin about why the PD 163 did not indicate that he identified appellant from his car would not have undermined Officer Dessin's testimony about making an identi-

---

**5.** To prove such an offense, the government must establish that the defendant possessed a controlled substance, did so knowingly and intentionally, and possessed the controlled substance with the specific intent to distribute it. *See* Criminal Jury Instructions for the District of Columbia, No. 4.32 (3d ed. 1978).

**6.** His claim is based on defense counsel's failures (1) to cross-examine Officer Dessin on in-

consistencies between his testimony and the PD 163 police report, on omissions from the PD 163, and on appellant's testimony that Officer Dessin was not the undercover officer with whom he spoke; and (2) to object to the prosecutor's submission of an untimely DEA–7 chemist's report into evidence.

fication in view of the fact that appellant admitted that the officers who arrested him stood him on the corner of Lamont and 11th Streets and waited for a response over the radio. Because appellant's testimony is consistent with Officer Dessin's testimony about making a ride-by identification, we conclude that, even if defense counsel had cross-examined Officer Dessin, appellant would not have received a different verdict. *Frost, supra,* 502 A.2d at 463.[7]

■ Appellant also contends that defense counsel should have cross-examined Officer Dessin about appellant's contention that he never met Officer Dessin on October 13, 1989. However, after the detailed testimony that the officer provided of his encounter with appellant, it is clear that Officer Dessin would simply have denied appellant's contention that they had never met that evening. The jury knew of this inconsistency in any event, so there was no reason for defense counsel to ask Officer Dessin about it; doing so simply would have given Officer Dessin another opportunity to reassert to the jury that he was the one who encountered appellant. Thus, the decision not to cross-examine Officer Dessin with respect to appellant's assertion that he never saw Officer Dessin on October 13, 1989, does not constitute ineffective assistance, and even if it did, there is no reasonable probability that it would have affected the verdict. *Id.*

■ Defense counsel's decision not to object to the untimely presentation of the DEA–7 chemist's report also did not constitute ineffective assistance. *See* D.C.Code § 33–556 (1988 Repl.); *Giles v. District of Columbia,* 548 A.2d 48, 50–51 (D.C.1988). The court, in reviewing a trial court's decision to admit an untimely DEA–7 report, has reiterated its position that "failure to comply with this requirement does not compel exclusion of the report if it is otherwise admissible, nor is such a failure *per se* reversible error. Only when the breach of the five day requirement results in prejudice to the defense is a new trial required." *Washington v. United States,* 600 A.2d 1079 (D.C.1991) (quoting *Johnson v. United States,* 596 A.2d 511, 514 (D.C.1991)); *see also Belton v. United States,* 580 A.2d 1289, 1292–93 (D.C.1990). Thus, even if defense counsel had objected, the trial judge would not have been obliged to exclude the report. *Id.* Since appellant does not claim that the DEA–7 report is inaccurate or that he would have called the chemist if he had obtained a continuance to review the report, he fails to meet his burden under *Strickland v. Washington, supra,* 466 U.S. at 687, 104 S.Ct. at 2064 (two-prong test).

Accordingly, we affirm the judgment.

---

7. Appellant also questions why his counsel did not question Officer Dessin about the money he gave appellant or about the officer's race. Since Officer Dessin's race is irrelevant and since he obviously would have denied taking any money from appellant, there is no reason to believe such questioning would have altered the verdict. *Id.*