**Maurice W. SIMMONS, Appellant**

v.

**UNITED STATES, Appellee.**

**No. 09–CM–42.**

District of Columbia Court of Appeals.

Submitted April 28, 2010.

Decided Aug. 5, 2010.

Regina Michaels, Bethesda, MD, appointed by the court, was on the brief for appellant.

Channing D. Phillips, Acting United States Attorney at the time the brief was filed, and Roy W. McLeese III, Mary B. McCord, and Jeremy S. Barber, Assistant United States Attorneys, were on the brief for appellee.

Before GLICKMAN and OBERLY, Associate Judges, and TERRY, Senior Judge.

TERRY, Senior Judge:

After a non-jury trial, appellant Maurice Simmons was convicted of distributing a

controlled substance (marijuana).[1] On appeal he argues that the trial court erred in denying his motion for discovery sanctions, based on the government's failure to disclose an out-of-court identification procedure in a timely manner before trial, and in denying his mid-trial oral motion to suppress the identification resulting from that out-of-court procedure. For the reasons that follow, we affirm the judgment of conviction.

## I

Appellant's trial was originally scheduled for October 27, 2008, but it was continued to October 31 so that appellant could be tried jointly with his co-defendant, Sergio Waynes. On October 31, for reasons unrelated to this appeal, appellant's case was severed from that of Mr. Waynes and rescheduled for trial on November 6.[2] On November 3, however, the government learned that an essential witness would not be available to testify on November 6, so appellant's trial was continued again, on the government's motion, until December 10.

During the proceedings on October 31, defense counsel learned for the first time that the principal officer involved in the case had identified appellant from an array of photographs, and that those photographs had not been preserved. Waynes' counsel and appellant's counsel both urged the court to impose sanctions on the government for its failure to disclose this fact earlier. The court, however, deferred ruling on the request because it did not yet have a sufficient factual record.

When the parties came to court a week later, on November 6, the issue of the out-of-court identification was again brought up. Appellant's counsel asked for permission to "file a motion on the identification issue." The court granted counsel's request but asked counsel to "try to file any motion a week before the trial," which it then set for December 10. Despite counsel's assurances ("Oh, it'll be in before then"), no motion either to suppress the photographic identification or to impose sanctions for the asserted discovery violation was filed prior to trial.

The trial began on December 10. The government presented testimony from two Metropolitan Police officers, Vincent Norris and Edward Stewart. Officer Norris testified that he participated in an undercover drug transaction with appellant, and Officer Stewart stated that he witnessed the transaction from half a block away. Both Norris and Stewart identified appellant in court as the seller of the drugs. Although Norris did not know appellant's name at the time of the transaction, he had patrolled the neighborhood where the transaction took place for several years and had previously seen appellant in the area at least "three or four times."

On cross-examination, appellant's counsel elicited from Officer Norris the fact that other officers had shown him photographs of individuals from the police database, and that he had picked out a photograph of appellant from this group. Counsel also cross-examined Officer Stewart about this procedure, bringing out further details about how the photos were presented to Norris. Neither officer knew what happened to the photographs after Norris identified appellant from one photo.

After the government rested, defense counsel argued that the government had violated its discovery obligations by failing to make the photographs available to the defense. Counsel asked the court to "strike the testimony regarding the identification" because there had been "no expla-

---

**1.** D.C.Code § 48–904.01(a)(1) (2001).

**2.** Waynes' case proceeded to trial on October 31.

nation for why the photograph[s] [were] not preserved." The court ruled, however, that sanctions were not appropriate, in part because appellant could have obtained copies of the photographs if he had made a timely discovery request, remarking that "the time to raise a problem with the discovery was before trial, not after the government rested."

The trial court also ruled that, even if "the use of the photograph" was suggestive ("I'm willing to assume that there was only one photograph that looked anything like Mr. Simmons"), it was "not unnecessarily suggestive." The court found that the purpose of the identification was limited because Norris already "had a clear picture in his mind of who this person was, and it was just to put a name with the face." Because the identification involved the officer's own internal investigatory practices, it was "not like showing a nine photograph array to a civilian witness." After finding that Norris "saw more than one photograph" and that he "had no hesitation about picking Mr. Simmons out," the court ruled that the identification was reliable and therefore admissible.

## II

■ Appellant argues that the government violated its discovery obligations and that, as a sanction, the out-of-court photographic identification should have been suppressed and all the testimony about it stricken. Super. Ct.Crim. R. 16(a)(1)(C) requires the government, at the defendant's request, to permit the defense to "inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places ... which are within the possession, custody or control of the government." This provision has often been applied to require the government to preserve "all photographic arrays" from which out-of-court identifications are made. *See, e.g., Sheffield v. United States,* 397 A.2d 963, 967 (D.C.1979). Thus we

agree with appellant that the government, by failing to make the photographic array available to the defense for its inspection, breached its duty under Rule 16 to preserve discoverable evidence.

■ Whether such a breach calls for a sanction, however, is an entirely separate question. If the government, in a particular case, fails to satisfy its discovery obligations, "the decision as to what sanctions should be imposed or whether to impose any sanctions at all are matters committed to the trial court's discretion." *Id.* at 968 (citations omitted). Even when it appears that the trial court has erroneously exercised its discretion in denying sanctions, we will reverse only if the error "substantially prejudiced appellant's rights." *Washington v. United States,* 600 A.2d 1079, 1081 (D.C.1991) (citation omitted). We cannot find such prejudice on this record.

■ In deciding whether to impose sanctions for failure to disclose discoverable evidence, the trial court in any case must consider "the reason for the non-disclosure, the impact of non-disclosure, and the impact of the proposed sanction on the administration of justice." *Allen v. United States,* 649 A.2d 548, 552 (D.C. 1994). Here, as the trial court found, appellant was at least partially at fault for the non-disclosure. Defense counsel was aware, at least one month before the trial began, that the identification procedure at issue had taken place and, despite assurances to the contrary, had failed to file a motion challenging either the identification or the Rule 16 violation. The trial court, in deciding whether to impose sanctions, may properly consider the failure of the defense to bring an alleged Rule 16 violation to the court's attention in a timely manner. *See Gethers v. United States,* 684 A.2d 1266, 1272–1273 (D.C.1996), *cert. denied,* 520 U.S. 1180, 117 S.Ct. 1458, 137 L.Ed.2d 562 (1997).

We are satisfied, in any event, that appellant was not significantly prejudiced by the non-disclosure. First, the trial court assumed, without even seeing the photographic array, that the procedure was to some extent suggestive. Second, the out-of-court photographic identification was not the only identification of appellant; both Officer Norris and Officer Stewart identified him from the witness stand as the man they had seen engaging in a drug transaction. In addition, Norris recognized him as someone he had seen in the neighborhood several times before. Given these identifications, to which no objection has been raised, we are satisfied that the trial court's decision not to impose sanctions "did not substantially prejudice appellant or significantly contribute to the verdict rendered against him." *Cotton v. United States*, 388 A.2d 865, 871 (D.C. 1978).

### III

 Appellant's challenge to the photographic identification itself must be rejected because he did not raise the issue in a timely fashion. Motions to suppress evidence "must be raised prior to trial." Super. Ct.Crim. R. 12(b)(3). Failure to file such a motion before trial "shall constitute waiver thereof," although the court "for cause shown may grant relief from the waiver." Super. Ct.Crim. R. 12(d); *see Duddles v. United States*, 399 A.2d 59, 64 (D.C.1979). "Objections to the admission of evidence are waived when they are not raised in a pretrial motion to suppress the evidence, 'unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion.'" *Artis v. United States*, 802 A.2d 959, 965 (D.C. 2002) (quoting D.C.Code § 23–104(a)(2) (2001)). "[O]nly in exceptional cases [should] such a motion ... be entertained at trial." *Smith v. United States*, 295 A.2d 64, 65 n. 2 (D.C.1972) (citations omitted).

In this case, defense counsel clearly had knowledge of the basis for a motion to suppress the photographic identification and an opportunity to raise it in advance of trial, but nevertheless failed to file a pretrial motion. We see nothing in the record to suggest that counsel was hindered from doing so in any way. Moreover, it is a "well-established commonsense principle" that "a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted." *Ohler v. United States*, 529 U.S. 753, 755–756, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000). That principle applies here, since it was defense counsel who first elicited evidence at trial about the photographic identification during her cross-examination of the two police officers.[3] Under these circumstances, we find no error in the trial court's denial of defense counsel's oral motion to strike the identification testimony.[4]

### IV

Appellant's conviction is therefore

*Affirmed.*

---

**3.** Appellant is represented by different counsel on appeal.

**4.** Even if we were inclined to reach the merits of appellant's claim of error, we would surely have no reason to conclude that the photographic identification was "unnecessarily suggestive" under the standard set forth in *Stovall v. Denno*, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). We note that we have "routinely upheld the practice of showing a witness a single photograph of a personal acquaintance or of someone upon whom the witness had a full opportunity to focus during the commission of the crime." *Green v. United States*, 580 A.2d 1325, 1327 (D.C.1990) (citations omitted).