# UNITED STATES v. ROJAS-CONTRERAS

No. 84–1023.   Argued October 9, 1985—Decided December 16, 1985

BURGER, C. J., delivered the opinion of the Court, in which WHITE, MARSHALL, POWELL, REHNQUIST, STEVENS, and O'CONNOR, JJ., joined. BLACKMUN, J., filed an opinion concurring in the judgment, in which BRENNAN, J., joined, *post*, p. 237.

*Patty Merkamp Stemler* argued the cause for the United States. With her on the briefs were former *Solicitor General Lee, Acting Solicitor General Fried, Assistant Attorney General Trott, Deputy Solicitor General Frey*, and *Joshua I. Schwartz.*

*Judy Clarke*, by appointment of the Court, 470 U. S. 1048, argued the cause and filed a brief for respondent.

CHIEF JUSTICE BURGER delivered the opinion of the Court.

We granted certiorari to resolve a conflict in the Circuits[1] as to whether (a) the Speedy Trial Act of 1974, 18 U. S. C. § 3161 *et seq.*, as amended, prohibits commencement of a trial less than 30 days after arraignment on a superseding indictment; and (b) assuming a violation of the Speedy Trial Act in this case, was that error harmless?

I

On December 7, 1981, respondent, who is not a citizen of the United States, was convicted of illegal entry into this country and was sentenced to one year's imprisonment. After serving his sentence, respondent returned to Mexico.

Again, on February 13, 1983, he entered the United States illegally and was apprehended by United States Border

---

[1] Compare *United States* v. *Guzman*, 754 F. 2d 482 (CA2 1985), cert. pending, No. 84–1604; *United States* v. *Rush*, 738 F. 2d 497 (CA1 1984), cert. denied, 470 U. S. 1004 (1985); *United States* v. *Williford*, No. 83–1376 (CA5, Feb. 27, 1984) (unpublished opinion), cert. denied, 469 U. S. 893 (1984); *United States* v. *Horton*, 676 F. 2d 1165 (CA7 1982), cert. denied, 459 U. S. 1201 (1983); and *United States* v. *Todisco*, 667 F. 2d 255 (CA2 1981), cert. denied, 455 U. S. 906 (1982), with *United States* v. *Rojas-Contreras*, No. 83–5089 (CA9, Mar. 2, 1984) (case below; unpublished opinion). See also *United States* v. *Feldman*, 761 F. 2d 380 (CA7 1985).

Patrol agents. On February 18, 1983, a federal grand jury sitting in the Southern District of California returned a two-count indictment charging respondent with felony illegal entry under 8 U. S. C. § 1325 and with reentry by a deported alien under 8 U. S. C. § 1326. The indictment stated that the judgment of conviction for the prior illegal entry, which formed the predicate for the enhancement of the § 1325 offense to a felony, was "rendered on or about December 17, 1981." The date of the previous conviction was actually December 7, 1981. On February 18, 1983, respondent, appearing through counsel, was arraigned on the indictment. Trial was set for April 19, 1983.

On March 21, 1983, the Government informed respondent of the correct date of the previous conviction, and on April 15, 1983, the grand jury returned a superseding indictment which was identical with the original indictment in all respects except that it stated that the date of the previous conviction was "on or about December 7, 1981."[2] Respondent was arraigned on the superseding indictment on April 18, 1983.

Later that day at a pretrial conference, respondent's counsel moved for a 30-day continuance of the trial scheduled to begin the next day contending that the Speedy Trial Act, as construed by the Court of Appeals for the Ninth Circuit in *United States* v. *Arkus*, 675 F. 2d 245 (1982), required that a new 30-day trial preparation period be granted following the return of a superseding indictment.[3] The District Court denied respondent's motion for a 30-day continuance, citing the Seventh Circuit's decision in *United States* v. *Horton*, 676

---

[2] The record does not disclose why the indictment was not corrected by a motion for amendment in the District Court.

[3] Respondent's counsel also argued that he needed the additional time to consult a fingerprint expert and to review respondent's immigration file. However, the ultimate fact to which such evidence related, *i. e.*, that respondent and the person arrested in 1981 were one and the same, was ultimately stipulated to by respondent.

F. 2d 1165 (1982), and distinguishing *Arkus*. Respondent was convicted of felony illegal entry into the United States.

The Court of Appeals reversed, holding that under its decision in *United States* v. *Harris*, 724 F. 2d 1452 (CA9 1984), which in turn relied on its decision in *Arkus*, respondent was entitled to a new 30-day trial preparation period following his arraignment on the superseding indictment. Citing its decision in *United States* v. *Daly*, 716 F. 2d 1499 (CA9 1983), the Court of Appeals held that reversal of respondent's conviction was required to remedy the Speedy Trial Act violation because "any pretrial preparation period shorter than thirty days is inadequate *per se*. No showing of prejudice is required."

We granted certiorari, 469 U. S. 1207 (1985). We reverse.

II

Our starting point, of course, is the language of the statute. The Speedy Trial Act of 1974, as amended in 1979, 18 U. S. C. § 3161 *et seq.*, establishes inside and outside time limits for commencing trial in criminal cases. Section 3161(c)(2), the provision at issue in this case, provides:

> "Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days *from the date on which the defendant first appears through counsel* or expressly waives counsel and elects to proceed pro se" (emphasis added).

The statute clearly fixes the beginning point for the trial preparation period as the first appearance through counsel. It does not refer to the date of the indictment, much less to the date of any superseding indictment. Given this unambiguous language, we have no choice but to conclude that Congress did not intend that the 30-day trial preparation period begin to run from the date of filing of a superseding indictment.

That conclusion finds additional support in the language of § 3161(c)(1). That section establishes the outside time limit within which trial must commence under the Act and explicitly refers to the date of the indictment as one of the relevant dates for determining that time limit:

> "[T]he trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days *from the filing date (and making public) of the information or indictment,* or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs" (emphasis added).

It is clear that Congress knew how to provide for the computation of time periods under the Act relative to the date of an indictment. Had Congress intended that the 30-day trial preparation period of § 3161(c)(2) commence or recommence on such a date, it would have so provided.

Because the language of § 3161(c)(2) is a clear expression of congressional intent, we need not resort to the legislative history of that section. We note, however, that the legislative history is wholly consistent with our reading of that section. The 30-day trial preparation period was not included in the original Speedy Trial Act as it was enacted in 1975 but was incorporated into the Act with the 1979 amendments to the Act. Speedy Trial Act Amendments Act of 1979, Pub. L. 96–43, 93 Stat. 327. The legislative history of the 1979 revisions suggests that the source of the 30-day trial preparation period was a set of Guidelines issued by the Judicial Council of the United States Court of Appeals for the Second Circuit. See Hearings on S. 961 and S. 1028 before the Senate Committee on the Judiciary, 96th Cong., 1st Sess., 122, 386–436 (1979). The Guidelines were issued to assist the trial judges sitting in the Second Circuit in interpreting the provisions of the Act. *Id.,* at 386. These Guidelines provided that "whenever the time between arraignment and the scheduled trial date does not exceed thirty (30) days,

the Court shall . . . view a request for an adjournment of trial to a date beyond thirty (30) days but within the sixty (60) day limit, liberally . . . ." *Id.*, at 392–393. The Guidelines also stated that, in the situation where a superseding indictment adds new charges, trial of the original charges must begin "within the time limit for commencement of trial on the original indictment or information." *Id.*, at 417. Taking these two statements from the Guidelines together, it appears that, although the Second Circuit was clearly concerned that a defendant be given a pretrial preparation period of at least 30 days, the filing of a superseding indictment was not enough by itself to require the restarting of that 30-day period.

Applying § 3161(c)(2) to the facts of this case, we conclude that the requirements of that section were met here. The record reflects that respondent's first appearance through counsel occurred on February 18, 1983. Trial was not commenced until April 19, 1983. Respondent was, therefore, afforded a pretrial preparation period *twice* as long as the minimum required by § 3161(c)(2).

In concluding as we do that the Act does not require that the 30-day trial preparation period be restarted upon the filing of a superseding indictment, we do not hold that a defendant must always be compelled to go to trial less than 30 days after the filing of such an indictment. The Act itself places broad discretion in the District Court to grant a continuance when necessary to allow further preparation. Section 3161(h)(8) authorizes the trial judge to grant a continuance if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The authority of the District Court to grant an "ends of justice" continuance should take care of any case in which the Government seeks a superseding indictment which operates to prejudice a defendant.

Here respondent was clearly not prejudiced by the return of the superseding indictment. The initial indictment recited that the judgment on the prior illegal entry had been

rendered "on or about December 17, 1981." The superseding indictment did nothing except to correct that phrase to read "on or about December 7, 1981." Even if we were prepared to hold that December 7 is not "on or about" December 17, we would nevertheless be compelled to conclude that respondent was not prejudiced by the change.

Since the Act did not prohibit the commencement of the trial less than 30 days after arraignment on the superseding indictment, we need not address the question whether the District Court's refusal to grant the continuance requested by respondent was harmless error.

The Court of Appeals' construction of the Act ignored its plain language and would frustrate its basic purpose which is manifest in its very title: The speedy trial of criminal cases. That construction was error, and we reverse.

*Reversed.*

JUSTICE BLACKMUN, with whom JUSTICE BRENNAN joins, concurring in the judgment.

I concur in the result the Court reaches and therefore in its judgment. The Court today holds that the Speedy Trial Act does not mandate a new 30-day defense-preparation period following return of a superseding indictment. I agree with the Court that that holding is strongly guided by the express purpose of the Speedy Trial Act. But because I find neither the language of the Act particularly clear nor its legislative history at all helpful, I refrain from joining the opinion's statutory analysis.

The term "superseding indictment" refers to a second indictment issued in the absence of a dismissal of the first. The Act nowhere refers to a superseding indictment, and seems to assume that dismissal of the first indictment will precede issuance of the second. See 18 U. S. C. §§ 3161(d)(1) and 3161(h)(6). Section 3161(c)(2), which establishes the 30-day defense-preparation period "from the date on which the defendant first appears through counsel," therefore can provide only the starting point of the inquiry. The question

before the Court is whether that language may be interpreted to refer to the defendant's appearance on the indictment upon which he ultimately goes to trial, or whether one must read that language to refer to the defendant's appearance on the first indictment.  Despite the fact that the legislative history of the Act is of no assistance,[1] we are guided in our task by the purpose and the structure of the Act.

The Speedy Trial Act "gave effect to a Federal defendant's right to speedy trial under the Sixth Amendment and acknowledged the danger to society represented by accused persons on bail for prolonged periods of time."  H. R. Rep. No. 96–390, p. 3 (1979).  To accomplish these goals, the Act provides strict time limits for each stage of the criminal trial process.  The Act, as amended, requires that a defendant be brought to trial within 70 days of his first appearance through

---

[1] As the Court observes, *ante*, at 235, the notion that the Act might operate to deny defendants the necessary time adequately to prepare for trial had its genesis in the Guidelines issued by the Judicial Council of the United States Court of Appeals for the Second Circuit (Guidelines).  See Hearings on S. 961 and S. 1028 before the Senate Committee on the Judiciary, 96th Cong., 1st Sess., 122, 386–436 (1979) (Hearings).  However, in enacting the 1979 amendments, Congress did not adopt the Second Circuit's Guidelines; in fact, Congress rejected the Guidelines' *discretionary* grant of a defense-preparation period, opting instead for a *mandatory* 30-day period.  In light of this fundamental difference between the Act and the Guidelines, the latter's details can provide little help for today's decision.  In any event, the Guidelines do not answer the question before us.  Under them, where a superseding indictment contains charges not included in the original indictment, trial of the original charges must begin "within the time limit for commencement of trial on the original indictment or information."  Hearings, at 417.  This language plainly instructs that *as to the original charges* contained in a superseding indictment, no new 30-day and 70-day periods begin to run.  *As to any new charges*, however, the Guidelines at least suggest that the clock for the 70-day time to trial must be restarted.  *Ibid.*  It is not obvious under the Guidelines whether a modified charge of the sort before us today would be treated the same as the original charge, and the Guidelines are silent on the question whether to accord the defendant the opportunity to seek an additional discretionary preparation period where the 70-day period ran anew.

counsel.  See 18 U. S. C. § 3161(c)(1).  For 30 of those days, the Government cannot proceed to trial, in order that the defendant may prepare his case.

Because the criminal process does not always proceed in a linear fashion, the Act addresses second indictments that occur, unlike in this case, following dismissal of the first indictment.  When an indictment is dismissed on motion of the defendant, and the defendant is thereafter reindicted, both the 30-day and 70-day periods run anew.  See 18 U. S. C. § 3161(d)(1).  In contrast, however, when an indictment is dismissed on motion of the Government, and the defendant is thereafter reindicted, both the 30-day and 70-day periods continue to run from the first indictment, with the proviso that the period during which no indictment is outstanding is excluded from the 70-day calculation.  See 18 U. S. C. § 3161(h)(6).  The difference in treatment protects against governmental circumvention of the speedy-trial guarantee.

Neither of these reindictment provisions applies here, because the second indictment was issued in the absence of dismissal of the first.  The provisions demonstrate, however, that the 30-day and 70-day periods were intended to operate in tandem; where one runs anew, so should the other.  In this case, therefore, the structure of the statute suggests that either both periods should continue to run upon issuance of a superseding indictment, or both should start anew.  To permit a new 30-day period, but not a new 70-day period, could lead to a result surely not intended by Congress, namely, that there is no day on which a defendant could be brought to trial.  To avoid that possibility, respondent argues that the second 30-day period could simply be excluded from the continuing 70-day period in which a defendant must be brought to trial.  But the Act's comprehensive list of express exclusions counsels one to read Congress' failure to exclude certain periods of time as a considered judgment that those periods are to be included in the speedy-trial

calculation, or as a recognition that the need for such an exclusion will not arise under the statutory scheme.

In light of Congress' intent to bring defendants quickly to trial, it would make little sense to restart both the 30-day and 70-day periods whenever there is a superseding indictment. Frequently, a superseding indictment is used to drop charges or parties or, as here, to make a minor correction, leaving the charges and the evidence necessary to defend against them unaffected. These kinds of changes should not create a need for further preparation time; indeed, in some instances, superseding indictments may lessen the defense burden. Where a superseding indictment of this type is issued, the Court's holding today permits the defendant to be brought to trial without unnecessary delay.

Like the Court, I fully recognize that a superseding indictment may add to a defendant's burden in preparing for trial. In the event of additional charges, or of material changes, a defendant well may need additional preparation time. Under the Act, a defendant then may seek an "ends of justice" continuance, to be granted in the discretion of the trial court.[2] See 18 U. S. C. § 3161(h)(8)(A). This continuance is available whether the need for additional time is occasioned by a superseding indictment or otherwise. Indeed, the 1979 amendments to the Speedy Trial Act not only mandated the 30-day defense-preparation period, but also provided that one basis for granting a continuance is if "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation." 18 U. S. C. § 3161(h)(8)(B)(iv). The constitutional right to assistance of counsel is rendered meaningless if a defendant is forced to trial in the absence of adequate time to prepare. To avoid prejudicing a defendant, a continuance should be

---

[2] Because time granted under an "ends of justice" continuance is expressly excluded from the 70-day period, any preparation time granted would not jeopardize the Government's ability to bring the defendant to trial. See 18 U. S. C. § 3161(h)(8)(A).

granted where there is a meaningful possibility that a superseding indictment will require an alteration or adjustment in the planned defense. Trial courts should bear in mind that counsel may require time fully to analyze the impact of the superseding indictment, and to explore any options it presents or precludes.[3]

The Speedy Trial Act assures that defendants will be brought to trial quickly, but without undermining the Constitution's guarantee of effective assistance of counsel. Because the Court's holding today upholds that essential promise of the Act, I concur in the judgment.

---

[3] Following enactment of the 1979 amendments, the Committee on the Administration of the Criminal Law recommended precisely this analysis. The Committee advised district courts that, in the event of a superseding indictment, the 30-day preparation period should not run anew, but "the trial court should use its scheduling discretion to ensure that the defense has time to prepare in the circumstances of the particular case." See Judicial Conference of the United States, Committee on the Administration of the Criminal Law, Guidelines to the Administration of the Speedy Trial Act of 1974, as Amended, p. 14 (1981).