41 F.3d 1514
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lynn Alan HOLMES, Defendant-Appellant.
 No. 93-30414.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1994.*
Decided Nov. 9, 1994.
 
 1
 Before: FLETCHER, D.W. NELSON, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Lynn Alan Holmes appeals his conviction under 18 U.S.C. Sec. 922(g)(1) for being a felon in possession of a firearm. He contends that the district court erred in not allowing a period of at least thirty days between his arraignment on the superseding indictment and his trial, denying his motion for a judgment of acquittal, and imposing a four-level increase in the base offense level for using or possessing a firearm in connection with another felony. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 * Holmes argues the district court violated the Speedy Trial Act, 15 U.S.C. 3161(c)(2), by scheduling his trial less than thirty days after his arraignment on the superseding indictment. The Supreme Court held otherwise in United States v. Rojas-Contreras, 474 U.S. 231 (1985). The speedy trial clock starts to run with the "first appearance through counsel," id. at 234, which in Holmes's case occurred on March 29, 1993, when he was arraigned on the original indictment. As his trial began on June 14, 1993, Holmes had more than thirty days between his first appearance and his trial. Therefore, the Speedy Trial Act was not violated.
 
 II
 
 5
 Although Holmes's first indictment accurately identified the date of the offense as November 22, 1992, the superseding indictment erroneously listed it as July 13, 1992. Holmes argues that because he did not in fact possess a firearm on that misstated date, his conviction should be overturned. Because he did not make this argument in a timely fashion, we review for plain error.
 
 
 6
 "A variance between indictment and proof does not require reversal unless it affects the substantial rights of the parties." United States v. Von Stoll, 726 F.2d 584, 587 (9th Cir.1984) (finding no prejudice when the indictment specified that defendant took money from one partner even though the proof showed that he got it from the other). Here, Holmes suffered no prejudice from the misstated date. The original indictment and police reports, which were provided to Holmes months before trial, and the government's trial memorandum, filed contemporaneously with Holmes's arraignment on the superseding indictment, clearly showed Holmes that the government's case was based on the events of November 22, 1992. Holmes knew that November 22 was the date in question. Indeed, he argued that date in his opening statement. Because the variance did not affect Holmes's substantial rights, it was not plain error for the district court to deny his motion for judgment of acquittal.
 
 III
 
 7
 Holmes argues that there is no evidence that he "used or possessed any firearm or ammunition in connection with another felony," U.S.S.G. 2K2.1(b)(5), so that the district court erred in increasing his offense level by four under that section. The district court, however, found that Holmes used the gun to resist arrest for his theft of the truck:
 
 
 8
 My findings are going to be very clearly that he stole the car.... The theft of the car was a felony. That he used a weapon, grabbed the weapon. The officers [sic: citizens] saw it. He had it in his hand. He was in full possession of the weapon, and it was used in part and parcel in respect to the auto theft. Those are my findings.
 
 
 9
 This finding is adequately supported by Holt's testimony that when arresting Holmes, he saw Holmes place his hands on the gun.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3