**UNITED STATES of America, Plaintiff,**

v.

**Ronald LOVE, a/k/a "Ronnie," Defendant.**

**No. (S6) 90 Cr. 913 (HB).**

United States District Court,
S.D. New York.

Nov. 15, 1994.

See also, 859 F.Supp. 725.

Asst. U.S. Attys. Richard M. Strassberg, Andrew Lachow, New York City, for plaintiff.

Stephen L. Weiner, New York City, for defendant.

### MEMORANDUM AND ORDER

BAER, District Judge.

Defendant Ronald Love is on trial for drug-related and gun-related crimes. The original indictment contained two counts against Mr. Love. A superseding indictment, which repeated the original two counts and added a third, was subsequently filed.

The first count ("Count One") of the indictment charges Mr. Love, pursuant to 21 U.S.C. § 846 (1988), with conspiring to "distribute and possess with intent to distribute" heroin, cocaine, and crack, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (1988 & Supp. V 1993). The second count ("Count Two") of the indictment charges that Mr. Love violated 18 U.S.C. § 924(c) (1988 & Supp. V 1993) by using and carrying a fire-

arm "during and in relation to [the] drug trafficking crime" charged in Count One. The third count ("Count Three"), added in the superseding indictment, charges Mr. Love with violating 18 U.S.C. § 922(g) (1988), which proscribes the possession of a firearm by an individual previously convicted of a crime punishable by imprisonment for a term exceeding one year.

Defendant has requested, pursuant to section 3161(c)(2) of the Speedy Trial Act, 18 U.S.C. §§ 3161–74 (1988), that his trial, which had been scheduled for October 18, 1994, not commence until at least 30 days following his arraignment on the superseding indictment that was filed in this case. If the trial takes place as scheduled, more than 30 days will have elapsed since the *filing* of the superseding indictment, but less than 30 days will have passed since the defendant's *arraignment* on that superseding indictment.

As I have previously notified counsel for both sides, this request is denied. I have read and considered the letter brief on this matter submitted by the Government, and the arguments of defense counsel.

The United States Supreme Court, in *United States v. Rojas–Contreras,* 474 U.S. 231, 106 S.Ct. 555, 88 L.Ed.2d 537 (1985), held that there is no inherent right to a 30–day continuance of trial following the *filing* of a superseding indictment, let alone the defendant's *arraignment* on a superseding indictment, which arraignment could, of course, never occur before the indictment's filing. The Second Circuit, in *United States v. Guzman,* 754 F.2d 482 (2d Cir.1985), had made a similar ruling before the Supreme Court handed down its decision in *Rojas–Contreras.*

■ Despite the absence of a right to a 30–day continuance, it remains, as always, in the discretion of the court to grant a continuance if "the ends of justice served by [the granting of the continuance] outweigh the best interest of the public and the defendant in a speedy trial," as provided by section 3161(h)(8) of the Speedy Trial Act. *Rojas–Contreras,* 474 U.S. at 236, 106 S.Ct. at 558. In the circumstance of a superseding indict-

ment, such a decision would generally require an examination of whether the defendant requires additional time to modify his or her planned defense in light of the superseding indictment, as indicated by the Supreme Court in *Rojas–Contreras.*

■ In the instant case, defendant made no claim that he would be prejudiced in the preparation of his defense if he were not granted the continuance and, indeed, filed no brief after receiving the Government's letter brief that asserted, in part, that the superseding indictment did not differ enough from the original to warrant a continuance. This is not surprising given the nature of the differences between the indictments. Count Three, the additional count contained in the superseding indictment, alleged that Mr. Love, as someone previously convicted of a crime punishable by imprisonment for a term exceeding one year, "unlawfully, wilfully, and knowingly did possess" two firearms. This activity was, by necessity, already alleged in Count Two, which charged that Mr. Love "unlawfully, wilfully and knowingly did use and carry" those two firearms during the drug trafficking crime alleged in Count One. Because the alleged activity supporting Count Three is encompassed by Count Two, which was contained in the original indictment, Mr. Love would not appear to require additional time to modify his defense. It is possible that Mr. Love might have needed additional time if, for example, he had originally planned to contend that, although he did possess the two firearms, he did not use nor carry those firearms during the drug trafficking crime of Count One.[1] It is not the function of the court, however, to speculate on the many possible situations in which it is conceivable that a defendant might require additional time in such a situation.

The Government also added three overt acts in the superseding indictment in support of the conspiracy charge contained in Count One, a charge that was already supported by eight overt acts in the original indictment. It is not clear that the addition of the three overt acts resulted in the defendant finding it necessary to modify his defense, and in the

---

1. As it turned out at trial, defendant argued that he did not possess either of the guns.

absence of even an assertion by defendant that it would so result, the court cannot conclude that defendant requires additional time to prepare for trial.

It appears that defendant made his request for a continuance based solely on the Ninth Circuit's interpretation of the Speedy Trial Act, rejected by the Supreme Court in *Rojas–Contreras,* that previously provided defendants, without requiring a showing of prejudice, at least 30 days between arraignment on a superseding indictment and trial.

Accordingly, the defendant's request is denied.

**SO ORDERED.**