UNITED STATES of America

v.

Derrick JOHNSON, Duala Chappell, Lamont V. Teele, Defendants.

Crim. A. No. 95–00017–C.

United States District Court,
W.D. Virginia,
Charlottesville Division.

June 7, 1995.

William J. Rogers, Sr., Staunton, VA, for Kawan Palmer.

Steven David Rosenfield, Charlottesville, VA, for James Anthony Walker.

Charles Yancey Sipe, Huber & Sipe, Charlottesville, VA, for Wesla Hughes.

Raymond B. Fitzgerald, Jr., U.S. Attorney's Office, Roanoke, VA, for the U.S.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This matter comes before the court on Defendants' motion to dismiss with prejudice the current indictment on the grounds that the Government has not complied with the requirements of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* In addition, the Defendants allege that their continued detention without trial violates the speedy trial guarantee of the Sixth Amendment. For the reasons set forth herein, the Defendants' motion is denied.

### I.

The procedural chronology is reviewed at the outset because it forms the essence of any speedy trial motion. Arrest warrants were issued for the Defendants on October 20, 1994. Defendants appeared before Magistrate Judge Crigler on October 26, 1994. An indictment, alleging that the Defendants conspired to possess and distribute crack cocaine, was handed down on November 9,

1994.[1] Acting pursuant to 18 U.S.C. § 3161(h)(1)(F), Judge Wilson issued an Order excluding the period of November 30, 1994 through March 14, 1995 from the speedy trial calculation to allow the Defendants to file pretrial motions.[2] On March 13, 1995, Judge Wilson granted a Government motion to dismiss the indictment. The Government sought to dismiss the indictment because on March 9, 1995 a second indictment naming the Defendants and several new, unnamed co-defendants was handed down. This second indictment was sealed to prevent the new, unnamed co-defendants, who had yet to be apprehended, from becoming alerted to the proceedings. Some of these co-defendants remain at large, the second indictment remains sealed, and the Defendants remain in federal custody.

## II.

Defendants first rely on the Speedy Trial Act for relief. The Speedy Trial Act states in relevant part as follows:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The court is asked to interpret this language given that a second, sealed indictment has been handed down. The Defendants argue that the new indictment has essentially no effect on the running of the speedy trial clock. They reach this conclusion by arguing that the second indictment, although sealed, is in all likelihood indistinguishable from the original indictment.

Thus, the Defendants assert that the speedy trial clock began ticking with the first indictment, that it continues to the present, and that it is now well beyond the 70 day limit.[3] Any other result, Defendants argue, would allow the Government, as a matter of course, to make end-runs around the Speedy Trial Act simply by dismissing indictments and then reindicting defendants on the same charges once the initial 70 day period was in jeopardy of expiring. *See United States v. Rojas–Contreras,* 474 U.S. 231, 239, 106 S.Ct. 555, 559, 88 L.Ed.2d 537 (1985) (Blackmun, J., concurring in the judgment). The Government, in contrast, contends that the second indictment serves to restart the speedy trial clock because a new crime has been charged. Moreover, the Government argues that the clock now rests at zero since the second indictment has not yet been made public.

■ It is not necessary for the court to resolve this issue.[4] The Defendants' motion to dismiss pursuant to the Speedy Trial Act is premature no matter what the contents of the second, sealed indictment reveal. If the second indictment, upon unsealing, alleges different crimes, then the speedy trial clock does indeed begin anew. In these circumstances, the Defendants' claim must be rejected since the speedy trial clock will stand at zero upon the unsealing of the indictment. *See United States v. DeTienne,* 468 F.2d 151, 155 (7th Cir.1972), *cert. denied,* 410 U.S. 911, 93 S.Ct. 977, 35 L.Ed.2d 274 (1973) ("It would be absurd in the extreme if an arrest on one charge triggered the . . . speedy trial protection as to prosecutions for any other

---

1. This indictment triggered the running of the speedy trial statute since it was handed down after the Defendants' initial appearance. 18 U.S.C. § 3161(c)(1). *See also United States v. Crockett,* 813 F.2d 1310, 1317 (4th Cir.), *cert. denied,* 484 U.S. 834, 108 S.Ct. 112, 98 L.Ed.2d 71 (1987).

2. *See United States v. Parker,* 30 F.3d 542, 546 (4th Cir) (interpreting 18 U.S.C. §§ 3161(h)(1)(F), (J) to allow for such an excludable period), *cert. denied,* — U.S. ——, 115 S.Ct. 605, 130 L.Ed.2d 515 (1994).

3. Defendants argue that the clock might even stand at 227 days, representing the entire period from the Defendants' original incarceration in October, 1994, to their arraignment on the second indictment.

4. Nor could it until the court actually examines the contents of the second indictment, an action the court should not take at this point given that the indictment remains sealed.

chargeable offenses"). And if the second indictment, as Defendants suggest, is in fact a superseding indictment alleging the same crimes, the Defendants' motion is still premature. By the court's calculations, at most only 92 days have passed since the initial indictment for purposes of the Speedy Trial Act: 21 days between the initial November 9, 1994 indictment that under 18 U.S.C. § 3161(c)(1) started the speedy trial clock, and the beginning of the exclusion period on November 30, 1994; and 71 days between the granting of the motion to dismiss the initial indictment on March 14, 1995 and this hearing on May 24, 1995.[5]

Assuming, *arguendo,* that the current delay is 92 days and, therefore, is beyond the 70 day period sanctioned by the statute, section 3161(h)(7) nevertheless allows for "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7).[6] The court does not believe the current 12 day delay is unreasonable. *See, e.g., United States v. Sutton,* 801 F.2d 1346 (D.C.Cir.1986) (holding that a trial date 101 days after an initial arraignment but

only 55 days after a second arraignment was not an unreasonable delay under § 3161(h)(7)). Obviously, if the delay continues indefinitely, a different set of facts is presented.

In summary, the Defendants' motion to dismiss pursuant to the Speedy Trial Act appears premature despite the troubling fact that the Defendants have been incarcerated since October, 1994.

### III.

 Defendants next argue that their continued detention without trial violates the Sixth Amendment's guarantee of a speedy trial. The Sixth Amendment's familiar language reads: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend. VI. The Sixth Amendment claim is analyzed under the four-prong test set out by the Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The factors the court must consider are: the length of the delay, the reason for the delay, Defendants' assertion of their right to a speedy trial, and the prejudice, if any, the

---

5. Indeed, there is authority for the proposition that the speedy trial clock stopped at the beginning of the exclusion period on November 30, 1994 and has not resumed. The speedy trial clock would then rest at just 21 days. The Ninth Circuit recently stated the general rule with respect to superseding indictments as follows:

> When some or all of the counts of an indictment are dismissed based upon government motion and the government thereafter files a new indictment for the same conduct, the seventy day clock is deemed to run from the date it commenced with respect to the original indictment until the date of dismissal, subject to any statutory exclusions. The speedy trial clock resumes running at the time the new indictment is filed or when the defendant makes a new appearance in connection with the charges contained in the new indictment."

*United States v. Hoslett,* 998 F.2d 648, 658 (9th Cir.1993).

Since the second indictment has yet to be made public, the speedy trial clock may not have begun again with the issuance of the second indictment. After all, 18 U.S.C. § 3161(c)(1) states that the speedy trial clock begins at the later point as between the date the indictment is made public and the date the Defendant appears before a judicial officer. *See United States v. Watson,* 599 F.2d 1149, 1156 (2d Cir.) ( [T]he

speedy trial right under the Sixth Amendment attaches not when a sealed indictment is filed but when it is unsealed), *on reh'g op. replaced,* 690 F.2d 15 (1979), *modified, en banc, sub nom. United States v. Muse,* 633 F.2d 1041 (1980), *cert. denied,* 450 U.S. 984, 101 S.Ct. 1522, 67 L.Ed.2d 820 (1981); *see also United States v. Vaughn,* 510 F.Supp. 206, 209 (D.N.J.1981) ("The [speedy trial] statute ... plainly and unambiguously require[s] that trial commence within seventy days of the indictment being made public (i.e. unsealed) *or* the defendant's appearance before a judicial officer of this District, *whichever date last occurs*") (emphasis in original); *cf. United States v. Ramey,* 791 F.2d 317, 322 (4th Cir.1986) (holding that a sealed indictment handed down before statute of limitations has run is valid even if it is not unsealed until after the limitations period has expired). Thus, the current speedy trial figure may be only the 21 includable days from the initial indictment on November 9, 1994, through the dismissal of that indictment on March 14, 1995.

6. The legislative history of the provision suggests that its purpose is to "not alter the present rules on severance of codefendants by forcing the Government to prosecute the first defendant separately or be subject to a speedy trial dismissal motion." S.Rep. No. 93–1021, 93d Cong., 2d Sess. 38 (1974).

Defendants suffered by the delay. *Id.* at 530, 92 S.Ct. at 2191–92. As stated above, the court believes the length of the delay at this point is reasonable. Moreover, the reason for the delay is legitimate since the Government is seeking to try all the alleged co-conspirators together. *See United States v. Hayes*, 40 F.3d 362 (11th Cir.1994) (delay in trial caused by sealing of indictment so as not to alert at-large co-defendant is reasonable), *reh'g, en banc, denied,* 49 F.3d 734 (1995). In addition, the court does not believe Defendants have been prejudiced by the delay. They make no argument that the delay has impaired witnesses' memories or otherwise prevented them from securing evidence. Of course, the fact that the Defendants languish in jail prejudices them in significant ways but not to an extent cognizable by the Constitution. The fact that the Defendants have asserted their right to a speedy trial in no way changes the balancing analysis.

For the foregoing reasons,[7] the court denies the Defendants' motion to dismiss the indictment. An appropriate Order will this day issue.

---

7. The court additionally finds no merit in Defendants' reliance upon *United States v. Lopez,* 1995 U.S. LEXIS 3039 (April 26, 1995). It is well-established at least since *Reina v. United States,* 364 U.S. 507, 81 S.Ct. 260, 5 L.Ed.2d 249 (1960), that Congress has authority under the Commerce Clause to legislate in the narcotics field.