United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 26, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30384
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARK OLIVARI,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(2:03-CR-273-1-N)
--------------------

Before WIENER, BENAVIDES, and STEWART Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Mark Olivari was convicted by a jury of conspiracy to remove merchandise from customs custody and conspiracy unlawfully to convert merchandise that was part of an interstate or foreign shipment. He was sentenced to 30 months imprisonment, three years supervised release, a total payment of $191,215.37 in restitution, and a $100 special assessment.

Olivari argues on appeal that the district court violated the Speedy Trial Act (SPA) when it granted the government's motion for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a continuance of the trial beyond the SPA's time constraints.  He contends that the court did not conduct a proper "ends of justice" analysis when granting the government's motion for a continuance and that the court's reasons for granting that motion were inappropriate under the SPA.

There is no indication in the record that the district court did not conduct a proper "ends of justice" analysis.  The record also reflects that the district court did provide written reasons for its finding as required under 18 U.S.C. § 3161(h)(8)(A).  The district court did not clearly err in granting the continuance.  In fact, had the court not done so, the government would not have had the time reasonably needed to debrief Olivari's co-defendants (who had agreed to plead guilty on the eve of trial) and to reconstruct the presentation that the government relied on to show its numerous exhibits throughout the trial.  <u>See</u> 18 U.S.C. § 3161(h)(8)(B)(iv); <u>United States v. Rojas-Contreras</u>, 474 U.S. 231, 236 (1985) (district court has broad discretion under Speedy Trial Act to grant a continuance if needed to allow further preparation for trial).

Olivari also argues that there was insufficient evidence to support his conviction.  Viewing the evidence in the light most favorable to the jury's verdict, there was sufficient evidence to support his conviction.  <u>See</u> <u>United States v. Resio-Trejo</u>, 45 F.3d 907, 910 (5th Cir. 1995); <u>United States v. Martinez</u>, 975 F.2d 159,

160-61 (5th Cir. 1992). Olivari's conviction and the sentence imposed by the district court are AFFIRMED.