**UNITED STATES of America**

v.

**Marvin THOMAS.**

**No. CRIM.A. 3:04CR188T.**

United States District Court,
M.D. Alabama,
Northern Division.

Dec. 6, 2004.

**1260**

Leslie Susanne Smith, Kevin L. Butler, Federal Defenders Middle District of Alabama, Montgomery, AL, for Defendant.

Matthew S. Miner, U.S. Attorney's Office, Montgomery, AL, for Plaintiff.

### ORDER

MYRON H. THOMPSON, District Judge.

This criminal case is now before the court on whether the trial should be continued. First, the court, *sua sponte*, believes the trial should be continued. Second, the government believes likewise and has filed a motion to that effect.

On September 28, 2004, the government filed a six-count indictment against defendant Marvin Thomas. The indictment included one count of assault on a postmaster and five counts of knowing receipt and possession of stolen and converted money orders. A jury trial was subsequently set for December 6. On November 30, the government issued a superseding indictment, which consisted of 15 counts of knowing receipt and possession of stolen and converted money orders. The original indictment was dismissed on December 1.

Under the Speedy Trial Act, 18 U.S.C.A. §§ 3161–74, "[u]nless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." 18 U.S.C.A. § 3161(c)(2). The 30-day period runs from the date of the first, not the superseding, indictment, and it therefore poses no obstacle to a December 6 trial date since over two months have passed since the original indictment. *United States v. Rojas–Contreras*, 474 U.S. 231, 240, 106 S.Ct. 555, 558, 88 L.Ed.2d 537 (1985) ("In light of Congress' intent to bring defendants quickly to trial, it would make little sense to restart both the 30-day and 70-day periods whenever there is a superseding indictment.").

Nonetheless, the Speedy Trial Act also provides in part: "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an … indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the … indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C.A. § 3161(c)(1). The Act, however, authorizes the district court to grant a continuance upon a party's motion or *sua sponte* if the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.A. § 3161(h)(8)(A); *see also Rojas–Contreras*, 474 U.S. at 236, 106 S.Ct. at 558. ("The [Speedy Trial] Act itself places broad discretion in the District Court to grant a continuance when necessary to allow further preparation.") Factors to be considered by the trial judge when deciding whether to grant a continuance include "[w]hether the failure to grant such a continuance … would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation…." 18 U.S.C.A. § 3161(h)(8)(B)(iv).

In the instant case, the superseding indictment added ten additional counts to the initial indictment less than three business days before trial. By defense counsel's own admission, it would be impossible to investigate and prepare adequate defenses and strategies to these numerous, additional counts in the limited time frame prior to trial. Moreover, not only the government but also defense counsel has sought a continuance (although Thomas subsequently objected to his own counsel's request and, for that reason, the court later denied that request), arguing that additional time is needed for the completion of a fingerprint analysis that may potentially link Thomas to a crime.

Given that a trial judge may move "on his own motion" to continue a trial, neither a motion by the defendant nor one by the government is essential to this trial's postponement. 18 U.S.C.A. § 3161(h)(8)(A). Consequently, the court concludes, for two reasons, that the ends of justice served by ordering a continuance outweigh the best interest of the public and Thomas in a speedy trial: (1) an additional ten counts were added just three business days before trial and (2) the fingerprint analysis has yet to be thoroughly completed. For both reasons, additional time is needed so that the defense may have "reasonable time necessary for effective preparation." 18 U.S.C.A. § 3161(h)(8)(B)(iv). *See United States v. Mathis,* 96 F.3d 1577, 1580 (11th Cir.1996) (trial court, upon reasonable finding that the ends of justice served by ordering a continuance outweigh the best interest of the public and defendant in a speedy trial, properly granted continuance to allow defendant more time for preparation, even though continuance was over defendant's objection.)

Accordingly, it is ORDERED that, on the court's own motion as well as the motion of the government, jury selection is reset for January 31, 2005, at 10:00 a.m., before Judge W. Harold Albritton, III, followed by trial on February 14, 2005, at 9:00 a.m., before Judge Myron H. Thompson.