**UNITED STATES of America,**
**Appellee,**

v.

**Jorge Orlando ARDILA, aka Omar, aka The Old Man, aka Cesar Tulio Zuniga–Pacheco, aka Jorge Builis, aka Omar Gonzalez, aka Angel Rivera, Defendant–Appellant.**

**No. 05–5962–cr.**

United States Court of Appeals, Second Circuit.

April 24, 2008.

Stephen B. Reynolds, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney, of counsel), for Kevin J. O'Connor, United States At-

**40**

torney for the District of Connecticut, Bridgeport, Connecticut, for Appellee.

Francis L. O'Reilly, O'Reilly & Shaw, Fairfield, Connecticut, for Defendant–Appellant.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Jorge Orlando Ardila appeals from a judgment of conviction, following a jury trial, entered on October 26, 2005 in the United States District Court for the District of Connecticut (Nevas, J.). Ardila was convicted of two counts of conspiracy to possess with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 21 U.S.C. § 846, and four counts of possessing with intent to distribute and distributing heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 21 U.S.C. § 846. He was sentenced principally to 360 months in prison and five years of supervised release on the first two counts and 240 months in prison and three years of supervised release on the remaining four counts. These sentences were ordered to run concurrently. We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Ardila argues that the district court erred in denying his request, made on the first day of trial, for either a continuance or a withdrawal of his waiver of the thirty-day period before a trial may commence pursuant to the Speedy Trial Act. After more than a year following his initial indictment and arrest, Ardila sought additional time to locate a former roommate to testify that Ardila had resided in Florida in or around 1980, which Ardila claimed would contradict, and thereby impeach, two government witnesses. Ardila's trial counsel informed the court that he was

prepared to go to trial and that the request was being made by the defendant.

Ardila contends that the district court abused its discretion when it denied his request for a continuance. *See United States v. Pascarella,* 84 F.3d 61, 68 (2d Cir.1996) ("The disposition of a request for continuance rests in the discretion of the trial judge and the exercise of that discretion will not be disturbed unless a clear abuse is shown." (quotation marks omitted)). We conclude that the district court did not abuse its discretion. First, the testimony Ardila sought to elicit was only marginally relevant to his defense. *See United States v. Mauro,* 80 F.3d 73, 76–77 (2d Cir.1996) (concluding that the district court properly exercised its discretion in denying a request for continuance to obtain testimony of "marginal relevance"). Because the indictment charged Ardila for events occurring only in 1996 and after, this testimony was at best relevant to attack the witnesses' memory or credibility about remote background events. Second, Ardila knew that these witnesses would be testifying months prior to trial, yet he failed to seek a continuance until the day of trial. Finally, trial counsel informed the court at the time of the request that he was adequately prepared for trial. *See Morris v. Slappy,* 461 U.S. 1, 12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983) ("In the face of the unequivocal and uncontradicted statement by a responsible officer of the court that he was fully prepared and 'ready' for trial, it was far from an abuse of discretion to deny a continuance."). In light of these circumstances, the district court acted well within its discretion to deny the continuance.

■ Ardila further argues that the district court erred in denying his request to withdraw his waiver of his right, pursuant to the Speedy Trial Act, to a thirty-day period following his "first appearance

through counsel" before a trial may commence, *see* 18 U.S.C. § 3161(c)(2). Ardila concedes that he waived the thirty-day period orally and in writing, but argues that the district court should have allowed him to withdraw the waiver. We do not address the reasons for the district court's denial because we conclude that the thirty-day period had already expired, making the waiver irrelevant. *See United States v. Gregg,* 463 F.3d 160, 166 (2d Cir.2006) ("We are free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." (quotation marks and citation omitted)). The district court was under the misapprehension that the thirty-day window was reset by the second superseding indictment; however, the thirty-day period begins to run after the "first appearance through counsel" and is not reset by a superseding indictment. *See United States v. Rojas–Contreras,* 474 U.S. 231, 234, 106 S.Ct. 555, 88 L.Ed.2d 537 (1985). As a result, the thirty-day period here expired in 2003, well before the trial commenced in December 2004.[1] Therefore, the question of waiver was irrelevant when the district court addressed it.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

1. In addition, Ardila cannot argue that he was prejudiced by the second superseding indictment, which was filed less than thirty days before trial, because that indictment merely added an additional defendant without affecting any of the charges against Ardila.

