**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50502 |
| Plaintiff-Appellee, | D.C. No. 3:11-cr-02087-LAB-1 |
| v. | |
| JOSE LUIS RODRIGUEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted October 12, 2012
Pasadena, California

Before: PREGERSON and W. FLETCHER, Circuit Judges, and PIERSOL, Senior
District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Lawrence L. Piersol, Senior District Judge for the U.S.
District Court for South Dakota, sitting by designation.

After a jury trial, Jose Luis Rodriguez was found guilty of attempted entry after deportation in violation of 8 U.S.C. § 1326(a) and (b). We have jurisdiction under 28 U.S.C. § 1291. Rodriguez raises three issues on appeal. We address each in turn, and affirm.

Rodriguez claims the district court violated the Speedy Trial Act or abused its discretion in denying his motion for a continuance of the trial after the superseding indictment was returned. We review application of the Speedy Trial Act de novo and factual findings for clear error. *United States v. Nelson*, 137 F.3d 1094, 1108 (9th Cir. 1998). The Speedy Trial Act does not create a right to an additional thirty days for trial after a superseding indictment is filed. *United States v. Rojas-Contreras*, 474 U.S. 231 (1985). The district court did not violate the Speedy Trial Act because over thirty days passed from Rodriguez's initial appearance with counsel on April 11, 2011, until his trial on August 23, 2011. *See United States v. Flores-Sanchez*, 477 F.3d 1089, 1093 (9th Cir. 2007) (superseding indictment changing charge from illegal reentry to attempted illegal reentry did not restart the Speedy Trial Act's thirty-day trial-preparation period, which began to run when defendant first appeared with counsel).

We review a district court's denial of a motion for continuance for an abuse of discretion. *United States v. Tham*, 960 F.2d 1391, 1396 (9th Cir. 1991).

Rodriguez has failed to show actual prejudice to his defense resulting from denial of the continuance, and the district court did not abuse its discretion in denying the motion. *See id*. ("To demonstrate reversible error, the defendant must show that the denial resulted in actual prejudice to his defense.") (internal citation omitted).

Rodriguez also argues that the district court erred in denying a reduction for acceptance of responsibility. Findings of fact regarding a defendant's acceptance of responsibility are reviewed for clear error. *See United States v. McKittrick*, 142 F.3d 1170, 1178 (9th Cir. 1998). Although a defendant who goes to trial may, in some cases, be eligible for an offense-level reduction based on acceptance of responsibility, the court did not clearly err in finding Rodriguez failed to accept responsibility for his actions. *See United States v. Dhingra*, 371 F.3d 557, 568 (9th Cir. 2004) (affirming denial of reduction for acceptance of responsibility where the defendant did not meet his burden of demonstrating "genuine contrition for his acts") (citing *United States v. McKinney*, 15 F.3d 849, 853 (9th Cir. 1994)).

Finally, Rodriguez contends that the district court erred in imposing a term of supervised release when the guidelines advise against it if the defendant is a deportable alien who likely will be deported after imprisonment. *See* U.S.S.G. § 5D1.1(c). Plain error is the proper standard of review because Rodriguez did not raise this issue before the district court. *See United States v. Waknine*, 543 F.3d

546, 551 (9th Cir. 2008). The record in this case supports imposition of supervised release. Even if the district court erred, however, Rodriguez has not shown that it affected his substantial rights. *See United States v. Jimenez-Dominguez*, 296 F.3d 863, 867 (9th Cir. 2002) (under plain error review, defendant bears the burden of showing error was "prejudicial," in the sense that it "affected the outcome of the district court proceedings" in a manner that violated the substantial rights of the defendant) (internal quotation marks and citation omitted).

AFFIRMED.