**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUL 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50101 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:15-cr-02819-LAB-1 |
| JOSE LUIS RAMIREZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted July 14, 2017[**]
Pasadena, California

Before:  PREGERSON and WARDLAW, Circuit Judges, and CHEN,[***] District Judge.

Defendant-Appellant José Luis Ramirez appeals his jury convictions for

importing heroin and methamphetamine into the United States.  We have

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

jurisdiction under 28 U.S.C. § 1291. We affirm.

On June 30, 2015, Ramirez drove a Volkswagen Jetta from Tijuana, Mexico, to the Otay Mesa Port of Entry. At the port of entry, a border patrol officer inspected the Volkswagen's undercarriage with a mirror and saw signs that the rear bumper had recently been removed. A narcotics dog then alerted on the car. Border patrol officers then transported the Volkswagen to a secondary lot for further examination. The officers found 51 packages of methamphetamine and one package of heroin hidden in the gas tank, rear bumper, and spare tire. The officers then arrested Ramirez.

On July 30, 2015, the government charged Ramirez with importing methamphetamine into the United States, violating 21 U.S.C. §§ 952 and 960. The government failed to charge Ramirez for the heroin. Counsel was appointed and Ramirez entered a not guilty plea.

On November 5, 2015, the government filed a superseding indictment, adding a charge of importing heroin into the United States in violation of 21 U.S.C. §§ 952 and 960. Ramirez was arraigned on the superseding indictment on December 2, 2015, the first day of trial. Neither Ramirez, nor his attorney, objected to starting the trial.

At trial, Ramirez's only defense was that he did not know the drugs were in the Volkswagen. He did not challenge the existence, type, or quantity of the drugs.

2

The jury found Ramirez guilty of both counts. The district court sentenced Ramirez to 92 months imprisonment, deviating from the maximum statutory penalty of 240 months. The district court discussed the methamphetamine conviction, but not the heroin conviction, when it calculated Ramirez's sentence.

On appeal, Ramirez argues for the first time that his rights under § 3161(c)(2) of the Speedy Trial Act were violated because he did not get an additional 30 days to prepare his defense after he first appeared through counsel on the superseding indictment. Because Ramirez failed to raise this argument before the district court, we review for plain error. *United States v. Flores-Sanchez*, 477 F.3d 1089, 1092 (9th Cir. 2007).

Section 3161(c)(2) of the Speedy Trial Act provides:

Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.

18 U.S.C. § 3161(c)(2). It is well-settled that § 3161(c)(2) does not require the 30-day preparation period to restart upon the filing of a superseding indictment. *See United States v. Rojas-Contreras*, 474 U.S. 231, 234 (1985); *Flores-Sanchez*, 477 F.3d at 1093. However, the Supreme Court has explained that § 3161(h)(7)(A) of the Act gives the district court "broad discretion . . . to grant a continuance" if a defendant is "prejudiced by the return of the superseding indictment." *Rojas-Contreras*, 474 U.S. at 236 (citing statute, formerly § 3161(h)(8)).

3

Here, it is undisputed that Ramirez was afforded nearly five months to prepare his defense between the time he first appeared through counsel on July 7, 2015, and the first day of trial on December 2, 2015.

Further, the superseding indictment did not prejudice Ramirez. His defense—that he did not know the drugs were in the car—remained the same. Indeed, the government needed to prove only that Ramirez believed he imported "*some* controlled substance," not that he knew the specific type of drug. *See United States v. Jefferson*, 791 F.3d 1013, 1015 (9th Cir. 2015).

Additionally, the district court did not discuss the heroin conviction when it calculated Ramirez's sentence. This, coupled with the district court's decision to substantially deviate from the maximum penalty, indicates that the heroin conviction did not affect Ramirez's punishment.

We share Ramirez's concern over the government's ability to add new charges so close to trial. However, the superseding indictment did not prejudice Ramirez in any way. We therefore conclude that the district court did not commit any error, much less plain error, by proceeding to trial the same day that Ramirez first appeared through counsel on the superseding indictment.

**AFFIRMED.**

4