**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4783**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAMION NORMAN JORDAN,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:16-cr-00499-ELH-1)

Submitted: March 9, 2020                          Decided: March 20, 2020

Before AGEE and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed and remanded by unpublished per curiam opinion.

Justin Eisele, SEDDIQ LAW FIRM, Rockville, Maryland, for Appellant. Zachary Byrne Stendig, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damion Norman Jordan pled guilty, pursuant to a plea agreement, to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2018). The district court sentenced Jordan to 156 months' imprisonment, in accordance with his stipulated agreement under Fed. R. Crim. P. 11(c)(1)(C). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether: (1) Jordan could plead guilty to a count in the original indictment when he was charged in a superseding indictment that was still pending at the time of the plea; (2) the district court substantially complied with Rule 11 in accepting Jordan's plea; and (3) Jordan's sentence is reasonable. Jordan was informed of his right to file a pro se supplemental brief, but he has not done so. We affirm but remand for entry of a written statement of reasons.

I.

A superseding indictment is "a second indictment issued in the absence of a dismissal of the first." *United States v. Rojas-Contreras*, 474 U.S. 231, 237 (1985) (Blackmun, J., concurring). Thus, the superseding indictment and the original indictment can coexist, and "the government may elect to proceed on any pending indictment, whether it is the most recently returned superseding indictment or a prior indictment." *United States v. Hickey*, 580 F.3d 922, 930 (9th Cir. 2009) (collecting cases); *accord United States v. Hertular*, 562 F.3d 433, 450 (2d Cir. 2009). We conclude, therefore, that the superseding indictment did not bar Jordan from pleading guilty to the Hobbs Act robbery alleged in the original indictment.

2

II.

Because Jordan did not move in the district court to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *See United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). Prior to accepting a plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, the minimum and maximum penalties he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1). The court must also ensure that the defendant's plea is supported by an independent factual basis, is voluntary, and is not the result of force, threats, or promises of a lenient sentence. Fed. R. Crim. P. 11(b)(2)-(3). After reviewing the guilty plea transcript, we conclude that the district court fully complied with Rule 11 in accepting Jordan's plea.

III.

We review a defendant's sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Provance*, 944 F.3d 213, 217 (4th Cir. 2019). We must first determine whether the district court committed procedural error, such as improperly calculating the Guidelines range, failing to give the parties an opportunity to argue for an appropriate sentence, insufficiently considering the 18 U.S.C. § 3553(a) (2018) factors, relying on clearly erroneous facts, or inadequately explaining the sentence imposed. *United States v. Lymas*, 781 F.3d 106, 111-

3

12 (4th Cir. 2015). If we find no significant procedural error, we must then consider the substantive reasonableness of the sentence. *Provance*, 944 F.3d at 218.

In reviewing a sentence outside the Guidelines range, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). If a court's deviation from the Guidelines range "is a substantial one, we must more carefully scrutinize the reasoning offered by the district court in support of the sentence. The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *United States v. Hampton*, 441 F.3d 284, 288 (4th Cir. 2006) (alteration and internal quotation marks omitted). However, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

We discern no procedural errors. The district court correctly calculated Jordan's Guidelines range, listened to the parties' arguments, offered Jordan an opportunity to allocute, considered the § 3553(a) factors, and thoroughly explained its reasons for imposing the sentence stipulated in the Rule 11(c)(1)(C) plea agreement. And we conclude that the upward variant sentence was substantively reasonable in light of Jordan's history and characteristics; the seriousness of his spree of armed robberies; and the need to punish him for the crime, to deter him and others from engaging in similar conduct, and to protect the public from the emotional trauma caused by being threatened at gunpoint. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(C).

IV.

Counsel notes that, although the district court adequately stated its reasons for imposing the stipulated sentence orally, it did not complete a written statement of reasons. The Guidelines provide that a court may accept a Rule 11(c)(1)(C) agreement if it determines that "the agreed sentence is outside the applicable guideline range for justifiable reasons; and . . . those reasons are set forth with specificity in the statement of reasons form." U.S. Sentencing Guidelines Manual § 6B1.2(c)(2), p.s. (2016). We agree that remanding for entry of a written statement of reasons is appropriate.

V.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment but remand the case to the district court for entry of a written statement of reasons. This court requires that counsel inform Jordan, in writing, of the right to petition the Supreme Court of the United States for further review. If Jordan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jordan.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*