

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2005

# USA v. Gore

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4786

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Gore" (2005). *2005 Decisions.* Paper 1298.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1298

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4786

UNITED STATES OF AMERICA

v.

ARTUMISE GORE,
                                        Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 02-cr-00606
(Honorable Michael M. Baylson)

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 11, 2005

Before:  SCIRICA, *Chief Judge*, ROTH and FUENTES, *Circuit Judges*

(Filed: April 29, 2005)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Following a jury trial in the Eastern District of Pennsylvania, appellant Artumise

Gore was convicted of being a felon in possession of a firearm and possession of

ammunition after a felony conviction, each in violation of 18 U.S.C. § 922(g)(1).  He was

acquitted on the charge of unlawful possession of an unregistered sawed-off shotgun. On December 10, 2003, Gore was sentenced to 120 months imprisonment and three years supervised release.

Gore's counsel has filed a motion to withdraw as court-appointed counsel in this case and has submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel argues that there are no non-frivolous issues that can be raised on appeal by Gore. Gore was subsequently provided notice of his attorney's desire to withdraw and was informed that he could file a *pro se* brief. He filed an informal brief with this Court on August 23, 2004.

**Discussion**

Third Circuit Local Appellate Rule 109.2(a) provides that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967)." In reviewing an *Anders* motion, we must consider "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citations omitted).

The duties of counsel when submitting an *Anders* brief are "to satisfy the court that counsel has thoroughly examined the record in search of appealable issues," and "to

explain why the issues are frivolous." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)).  Counsel need not "raise and reject every possible claim," but his or her brief must demonstrate "conscientious examination." *Id.*  Our review reveals that counsel has thoroughly considered all plausible bases for appeal.  Counsel discusses at length the effect upon Gore of going to trial 20 days after the return of the superseding indictment, the absence of any requirement that he be afforded 30 days, and the lack of prejudice flowing from the district court's decision to move forward with the trial.  Counsel also examined the manner in which the jury *venire* was selected and the impact of this method upon Gore's protections under *Batson v. Kentucky*, 476 U.S. 769 (1986).  Finally, counsel considered the effect of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), on Gore's sentence, concluding that Gore had no meritorious arguments on appeal because the district court had accepted his position at sentencing.  Accordingly, we find counsel has submitted an adequate *Anders* brief.

When undertaking an independent review of the record we "confine our scrutiny to those portions of the record identified by an adequate *Anders* brief...and Appellant's *pro se* brief." *Youla*, 241 F.3d at 301.  Gore submitted an informal brief in response to counsel's *Anders* brief in which he raises an ineffective assistance of counsel claim.  We do not consider ineffective assistance claims on direct review, as such claims are "best decided in the first instance in a collateral action." *United States v. Thornton*, 327 F.3d

3

268, 272 (3d Cir. 2003).  With respect to the issues identified by counsel, we agree that the first two issues are frivolous.

A.  Speedy Trial Act

One September 24, 2002, Gore was indicted on one count of a firearms offense in violation of 18 U.S.C. § 922(g).  He indicated his intent to plead guilty rather than face additional charges in a superseding indictment, but changed his mind at the change of plea hearing on March 27, 2003.  The court set trial for May 12, 2003.  The government sought a superseding indictment and on April 22, 2003, Gore was charged with three counts of firearms violations.  Gore requested postponement of the trial, but the District Court ruled that trial would go forward as scheduled.

The Speedy Trial Act does not require that a defendant receive an additional 30-day preparation period after the filing of a superseding indictment.  *United States v. Rojas-Contreras*, 474 U.S. 23, 234 (1985).  While a District Court has broad discretion to grant a continuance where it is necessary to ensure trial counsel are adequately prepared, the superseding indictment in this case was substantially similar to the initial indictment.  There is no indication that counsel was not adequately prepared, and the facts alleged by the superseding indictment largely resembled those already well-known to both counsel.  We find nothing to suggest that Gore was prejudiced by standing trial 20 days after the return of the superseding indictment; indeed, the only conceivably "new" charge– unlawful possession of an unregistered sawed-off shotgun– was the charge of which Gore

4

was acquitted.  We agree with Gore's sentencing counsel that this issue does not constitute a non-frivolous claim.

B.  Jury Empanelment

The jury selection process employed by the District Court prior to Gore's trial complies with the guarantees of the Equal Protection Clause and *Batson v. Kentucky*, 476 U.S. 769 (1986).  The jury which heard evidence and returned the verdict in Gore's trial included one African-American juror.  There is no evidence to suggest that the government discriminated on the bases of race during selection of either the jury *venire* or the petit jury.  We agree with Gore's sentencing counsel that any Equal Protection claim would be frivolous.

C.  Sentencing

Gore challenges his sentence under *United States v. Booker*, 543 U.S. - -, 125 S. Ct. 738 (2005).  Having determined that the sentencing issues appellant raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in accordance with *Booker*.

**Conclusion**

We will affirm Gore's judgment of conviction.  We will vacate his sentence and remand for resentencing.  Defense counsel's motion to withdraw is denied.