15-316-cr
United States v. Spencer

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand sixteen.

PRESENT:   ROBERT D. SACK,
                        REENA RAGGI,
                                        *Circuit Judges*,
                        J. PAUL OETKEN,
                                        *District Judge*.[*]

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                                        *Appellee*,

                        v.                                                          No.       15-316-cr

CARL SPENCER, AKA Barrington Antonio Stewart, AKA Clyde Edward Crenshaw, AKA Brother-Brother,
                                        *Defendant-Appellant*.

------------------------------------------------------------------------

FOR APPELLANT:          Ryan Thomas Truskoski, Esq., Harwinton, Connecticut.

FOR APPELLEE:           Monica J. Richards, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

---

[*] The Honorable J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

1

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*; Jonathan W. Feldman, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 23, 2015, is AFFIRMED.

Defendant Carl Spencer stands convicted after a jury trial of reentering the United States without consent of the Attorney General after removal, see 8 U.S.C. § 1326(a)(1), and aggravated identity theft, see 18 U.S.C. § 1028A(a)(1). On appeal he argues that (1) the district court erred in (a) failing to suppress evidence seized during a search of Spencer's vehicle conducted after a traffic stop, (b) denying Spencer an adjournment after the filing of a superseding indictment, and (c) denying a mistrial after a witness testified as to suppressed matters; (2) the evidence was legally insufficient to support conviction; and (3) the deportation order underlying his illegal reentry conviction is invalid. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.  Denial of Suppression

Spencer argues that evidence seized from his vehicle after a traffic stop should have been suppressed because the stop was not supported by reasonable suspicion that he was the vehicle driver and then engaged in illegal activity. We review a district court's factual findings on a motion to suppress for clear error, while reviewing de novo its resolution of questions of law and mixed questions of law and fact, such as the existence

of reasonable suspicion to stop. See Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Singletary, 798 F.3d 55, 59 (2d Cir. 2015).

The suppression hearing testimony here showed that, at the time of the traffic stop, agents had a reasonable suspicion both that Spencer was driving the gold Nissan sedan at issue, and that he was then engaged in criminal activity, i.e., he was illegally in the United States. The latter suspicion was supported by Immigration and Customs Enforcement ("ICE") Officer Eric Pecoraro's firsthand review of immigration databases and Spencer's immigration file, which included a photograph of Spencer. As for Spencer's identity as the car driver, two months before the stop, Officer Pecoraro received a tip that Spencer lived in the area of Hague Street and drove a gold Nissan sedan. This information was corroborated by surveillance conducted the morning of the stop, at which time agents observed a gold sedan parked in the driveway of 553 Hague Street, and a man matching Spencer's physical description exiting that premises and entering the driver's seat of the gold sedan, which then pulled out of the driveway. These facts were communicated to Officer Pecoraro who then had a sufficiently "particularized and objective basis for suspecting" that the individual driving the Nissan was Spencer and that he was then engaged in criminal activity by being unlawfully in the United States. Navarette v. California, 134 S. Ct. 1683, 1687 (2014).

In urging otherwise, Spencer argues that the original tip as to his residence and car lacked sufficient corroboration to support reasonable suspicion. Neither Florida v. J.L., 529 U.S. 266 (2000), nor United States v. Freeman, 735 F.3d 92 (2d Cir. 2013), on which he relies, supports his argument because, in both cases, the anonymous tip was the only

3

basis for a reasonable suspicion of criminal activity. In <u>Florida v. J.L.</u>, the Supreme Court held that for the tip to support reasonable suspicion, it had to "be reliable in its assertion of illegality, not just in its tendency to identify a determinate person." 529 U.S. at 272; <u>see also</u> <u>United States v. Freeman</u>, 735 F.3d at 99. But, as just discussed, here the agents' knowledge of Spencer's unlawful activity was based on their independent review of his immigration file and immigration databases, and the identifying tip was corroborated by officers' location of the gold sedan on the street stated by the tipster and their personal observation of a man fitting Spencer's description driving that sedan shortly before the stop. <u>See</u> <u>Florida v. J.L.</u>, 529 U.S. at 272 (explaining that accurate description of subject's location and appearance is reliable in "limited sense" that it "will help the police correctly identify the person").

Accordingly, we conclude, as the district court did, that the agents had reasonable suspicion to stop Spencer on November 9, 2012. This basis for challenging the subsequent car search thus fails on the merits.

2.    <u>Denial of Adjournment</u>

We review the denial of a motion to adjourn trial following a superseding indictment for abuse of discretion, <u>see</u> <u>United States v. McGee</u>, 564 F.3d 136, 141–42 (2d Cir. 2009), which we do not identify here.

While 18 U.S.C. § 3161(c)(2) generally affords a defendant at least thirty days from his initial appearance on an indictment before trial, the Supreme Court has held that such a continuance is not categorically mandated following a superseding indictment. <u>See</u> <u>United States v. Rojas-Contreras</u>, 474 U.S. 231, 236 (1985). Rather, the matter is left

4

to the trial judge's discretion consistent with the "ends of justice." 18 U.S.C. § 3161(h)(7)(A); see United States v. McGee, 564 F.3d at 142. Although Spencer argues that the changes reflected in the superseding indictment—the removal of one count and the addition of one of Spencer's aliases—affected his trial strategy, his assertion is entirely conclusory. He fails to demonstrate that those changes "substantially impaired presentation of his case." United States v. McGee, 564 F.3d at 142 (emphasis added) (internal quotation marks omitted). In these circumstances, he cannot show abuse of discretion and, thus, his adjournment challenge fails on the merits.

3.    Denial of a Mistrial

Spencer argues that a mistrial should have been declared when, in response to a defense inquiry on cross-examination about fingerprinting Spencer after arrest to confirm his identity, the testifying agent volunteered a statement by Spencer that had been suppressed.[1] Spencer's counsel then moved for a mistrial on the ground that Spencer's statements at the scene of the arrest had been suppressed before trial. In denying a mistrial, the district court concluded that (1) the agent's testimony was a fair response to the question, and (2) anything Spencer said about another identity was immaterial because of identification cards on his person indicating use of the name Clyde Crenshaw. We identify no abuse of discretion in this decision. See United States v. Farhane, 634 F.3d 127, 167 (2d Cir. 2011). Indeed, because the jury had already permissibly heard that Spencer, upon being stopped, had presented a driver's license bearing Clyde Crenshaw's

---

[1] The agent responded: "There may have been. I don't recall that. When I saw the defendant I recognized him from the photo I had seen. However, he was claiming to be someone else." Trial Tr. 111.

5

name, testimony that he verbally claimed to be someone else, even if violative of the district court's suppression ruling, is reasonably deemed harmless. Cf. United States v. Fermin, 32 F.3d 674, 677 (2d Cir. 1994) (concluding that witness's "one inadvertent, ambiguous comment concerning 'criminal histories'" was not "so prejudicial" as to require mistrial).

Spencer argues that even if the district court did not abuse its discretion in rejecting his mistrial claim, his trial counsel was constitutionally ineffective in eliciting the suppressed statement. Although we generally prefer that such claims be raised under 28 U.S.C. § 2255, see Massaro v. United States, 538 U.S. 500, 504 (2003), we address Spencer's claim now because no record development is necessary to conclude, for the reasons stated, that the elicitation of the suppressed statement fails to satisfy the prejudice requirement of Strickland v. Washington, 466 U.S. 668, 690 (1984). Cf. United States v. Wellington, 417 F.3d 284, 288 (2d Cir. 2005) (denying ineffective assistance claim on direct review). Precisely because, at the time of his arrest, Spencer had two forms of identification bearing his picture and the name Clyde Crenshaw and two documents bearing the name Barrington Stewart, there is no "reasonable probability" that, but for trial counsel's elicitation of agent testimony that Spencer claimed to be someone else at the time of his arrest, "the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694. Thus, we reject both his mistrial and ineffective assistance claims on the merits.

6

4.      Sufficiency Challenge

We review a sufficiency challenge de novo and must affirm the conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); accord United States v. Binday, 804 F.3d 558, 572 (2d Cir. 2015).  In conducting such review, we are mindful that "[d]irect evidence is not required" and that "the government is entitled to prove its case solely through circumstantial evidence, provided, of course, that the government still demonstrates each element of the charged offense beyond a reasonable doubt." United States v. Lorenzo, 534 F.3d 153, 159 (2d Cir. 2008) (internal quotation marks omitted).

Spencer argues that the government failed to carry this burden because the trial evidence gave "equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence." United States v. Glenn, 312 F.3d 58, 70 (2d Cir. 2002).  The government maintains that Glenn cannot be construed to impose a stricter review standard than that pronounced by the Supreme Court in Jackson v. Virginia, and that our sister circuits have expressly rejected the equipoise standard urged by Spencer. See United States v. Vargas-Ocampo, 747 F.3d 299, 301 (5th Cir. 2014) (en banc); United States v. Caraballo-Rodriguez, 726 F.3d 418, 431–32 (3d Cir. 2013) (en banc).  We need not pursue the point here because the evidence was not in equipoise but, rather, tilted decidedly in favor of guilt.

7

With respect to his illegal reentry following deportation, Spencer argues that, because he was known by many different names, the government "failed to prove that the person sitting in the courtroom was a person who was previously deported." Appellant's Br. 35; see 8 U.S.C. § 1326(a)(1). This argument fails because the government's trial proof included a photograph of Spencer taken at the time of his deportation, which the jury could easily compare with the defendant sitting in the courtroom to conclude that he was the individual previously deported.

As for his aggravated identity theft, Spencer contends that there was insufficient evidence that (1) he ever used the other person's identification found on his person at arrest during and in relation to one of the felonies enumerated in 18 U.S.C. § 1028A(a)(1), and (2) he knew that the means of identification belonged to another person. See 18 U.S.C. § 1028A(a)(1), (c). The argument fails because a jury could reasonably conclude from Spencer's production of a Georgia license in the name of Clyde Crenshaw when asked for his own that he used another person's means of identification during and in relation to the offense of being found in the United States after a prior deportation. See 8 U.S.C. § 1326 (offense of entering or being found in United States after deportation); 18 U.S.C. § 1028A(a)(1), (c).

That Clyde Crenshaw was a real person was evident from his trial testimony. Further, Spencer had in his possession a social security card bearing Crenshaw's actual social security number, as well as "numerous money cards, debt or credit cards and some other health cards and another health access program card all in the name of Clyde Crenshaw." Trial Tr. 103. This was sufficient to permit the jury to conclude that

8

Spencer relied on these means of identifying a person he knew was real, rather than fictitious, during and in relation to his illegal presence crime. See Flores-Figueroa v. United States, 556 U.S. 646, 657 (2009) (holding that § 1028A(a)(1) requires proof that defendant knew means of identification belonged to another person).

Thus, Spencer's sufficiency challenge fails on the merits.

5.     Validity of Underlying Deportation Order

Spencer argues, apparently pro se, that the deportation order underlying his § 1326 conviction is invalid because he was not afforded a hearing prior to his removal from the United States. See United States v. Copeland, 376 F.3d 61, 66 (2d Cir. 2004) (explaining that alien can defend against illegal reentry charge under § 1326 by challenging validity of deportation order upon which that charge is based). Because he failed to make this argument before the district court, our review is for plain error. See United States v. Hsu, 669 F.3d 112, 118 (2d Cir. 2012) (stating that plain error requires showing of (1) error; (2) that is clear or obvious; (3) affecting substantial rights, i.e., "affect[ing] the outcome of the district court proceedings"; and (4) calling into question fairness, integrity, or public reputation of judicial proceedings (quoting United States v. Marcus, 560 U.S. 258, 262 (2010))).

We identify no error, let alone plain error, here. An alien may not challenge the validity of a deportation order unless he demonstrates that (1) he exhausted available administrative remedies to challenge the order, (2) the deportation proceedings at which the order was issued deprived him of the opportunity for judicial review, and (3) entry of the order was fundamentally unfair. See 8 U.S.C. § 1326(d); United States v. Daley, 702

9

F.3d 96, 100 (2d Cir. 2012). The record shows that Spencer was not denied the opportunity for judicial review. Indeed, prior to his removal he had a hearing before an Immigration Judge, appealed to the Board of Immigration Appeals, and petitioned for review in this court, which ultimately dismissed the petition based on Spencer's failure to comply with scheduling orders or otherwise pursue his appeal. See Mandate, Spencer v. INS, 03-4042-ag (2d Cir. Sept. 30, 2005). Insofar as Spencer now claims that he was deprived of the ability to seek discretionary cancellation of removal, he has failed to satisfy his burden to show a reasonable probability that the IJ would have granted such cancellation. See United States v. Daley, 702 F.3d at 100.

Accordingly, we reject Spencer's collateral attack on the order of deportation underlying his § 1326 conviction.[2]

6.      Conclusion

We have considered Spencer's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the district court's judgment.

                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] Our rejection of this argument on the merits necessarily means that Spencer cannot satisfy the prejudice prong of his related claim that trial counsel was ineffective in failing to challenge the underlying deportation order. See Strickland v. Washington, 466 U.S. at 694.

10